Commonwealth *v.* Schwartz et al., Appellants.

Argued January 9, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 8, 1969.

*Marvin Comisky,* with him *Edwin P. Rome, Goncer M. Krestal,* and *Blank, Rudenko, Klaus & Rome,* for appellants.

*Richard A. Sprague,* First Assistant District Attorney, with him *John A. McMenamin* and *Alan J. Davis,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 14, 1968:

The court being equally divided, the order of the Superior Court is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

I conclude that the Attorney General improperly superseded the District Attorney.

I dissent.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority, in failing to grant appellant Siegel a new trial, ignores two recent Supreme Court decisions. During the course of the trial the Commonwealth introduced Magistrate Schwartz's unsworn statement which inculpated Constable Siegel. It is conceded that cautionary instructions were given to the jury warning them to disregard Schwartz's statement in evaluating the Commonwealth's case against Siegel. Further, under the rule originally established in *Delli Paoli v. United States,* 352 U.S. 232, 77 S. Ct. 294 (1957), it was assumed that a properly instructed jury would ignore the confessor's inculpation of the nonconfessor in determining the latter's guilt. It followed from this assumption, that there could be no violation of the nonconfessor's right to confrontation, because the case was treated as if the confessor had made no statement inculpating the nonconfessor.

However, in *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968), the Supreme Court expressly

overruled *Delli Paoli,* and held that because of the substantial risk that the jury might look to the confessor's statements in determining the nonconfessor's guilt, any admission of such a statement in a joint trial violated the nonconfessor's right of cross-examination as guaranteed by the confrontation clause of the Sixth Amendment. The Supreme Court opinion states: "Despite the concededly clear instructions to the jury to disregard Evans' [Bruton's codefendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross examination."

The facts in the instant appeal are so similar to those in *Bruton* that they clearly compel a new trial for appellant Siegel. Schwartz made implicating statements, never took the stand and therefore was not subject to cross-examination. Although it might be contended that Schwartz's statements did not prejudice Siegel, even the Commonwealth in its brief concedes that this was possible by noting that: "There was nothing in the statement which implicated Siegel which had not already been proved aliunde." Nor can a valid argument be made that because the damaging evidence in Schwartz's statement was also proved elsewhere, the error in introducing the statement at Siegel's trial was harmless. This Court has clearly enunciated. that in order to prove "harmless error, the Commonwealth must now demonstrate, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of might have contributed to the conviction." *Commonwealth v. Pearson,* 427 Pa. 45, 49, 233 A. 2d 552, 554 (1967). A cursory glance at the record indicates that it would be impossible for the Commonwealth to meet this burden. Since the Supreme Court has declared that *Bruton* is completely retroactive,

*Roberts v. Russell,* 392 U.S. 293, 88 S. Ct. 1921 (1968), it seems clear to me that it is incumbent upon this Court to award Siegel a new trial.

Therefore I dissent.

Mr. Justice O'BRIEN joins in this dissent.