Commonwealth *v.* Howard, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

354

Michael J. Stack, Jr., and O'Halloran, Stack & Smith, for appellant.

David Richman, James A. Shellenberger, Mark Sendrow and Steven H. Goldblatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974:
On January 16, 1967, appellant was tried by a jury upon charges of assault and battery, attempted rape, and resisting an officer. The verdict was guilty on all counts. Timely motions for a new trial and in arrest of judgment were filed and denied. On November 27, 1967, sentence was rendered by the trial Judge DOTY. Appellant directly appealed to our Court on December 21, 1967, and we affirmed judgment of sentence at 212 Pa. Superior Ct. 723, 241 A. 2d 357 (1968). On March 13, 1973, appellant filed a petition with the trial court pursuant to the "Post Conviction Hearing Act."[1] Hearing before Judge DOTY was had on October 2, 1973, after which appellant's petition was denied. Appellant is now before us on an appeal from this denial of his petition for post-conviction relief.

Appellant's first argument is that he was denied effective counsel. An attorney from the Philadelphia Voluntary Defender had been appointed as counsel for

[1] Act of 1966, Jan. 25, P. L. (1965) 1580 (19 P.S. §1180-1 et seq.)

Howard and for one of two co-defendants.[2] Howard had been reluctant to talk with this counsel because he was under the misapprehension that private counsel had been retained for him. He now alleges that this counsel first met with him on the morning of the trial, that the Voluntary Defender's office was unfamiliar with his case even though it had maintained a file on the subject, and that his counsel was thus not afforded sufficient time to become an effective advocate for appellant.[3]

In our deliberations we are guided by *Commonwealth v. Benjamin*, 219 Pa. Superior Ct. 344, 280 A. 2d 625 (1971), for the priniciple that an evidentiary hearing pursuant to the "Post Conviction Hearing Act," *supra*, is the proper forum for raising an ineffective counsel argument so that the Commonwealth may have an opportunity to show that the representation was effective under the standards enunciated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). We have carefully studied the record from the June 19, 1973, "PCHA" hearing and conclude that there is ample testimony from trial counsel to show that a file had been maintained on appellant and that the same was available for trial preparation at all times. If the file was in any way deficient because appellant had from time to time refused to speak with his counsel, appellant cannot claim that a lack of preparation caused by his own conduct entitles him to relief based upon ineffectiveness of counsel resulting from such lack of preparation. We find ample

---

[2] In the lower court the case was captioned *Commonwealth v. Wilkinson, Devore, and Howard.* Private counsel represented Devore. Thomas Kellogg, Esq., represented Wilkinson and Howard in the first instance, but Wilkinson's case was severed from Howard's trial prior to its commencement.

[3] There is no allegation of specific in-court ineffectiveness of counsel.

evidence to support the opinion of Judge DOTY in denying appellant's post-conviction petition on the basis of the alleged ineffectiveness of counsel.

Appellant next argues that a confession of the remaining co-defendant Devore, testified to at the trial by a police officer, was a violation of appellant's Sixth Amendment right to confrontation. Appellant's reliance on *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), is inappropriate.[4] As we held in *Commonwealth v. Hirsch*, 225 Pa. Superior Ct. 494, 311 A. 2d 679 (1974), when the co-defendant co-conspirator who makes a confession which is offered at the trial, takes the stand and is subjected to full cross-examination, there is no violation of the defendant's right to confront those who accuse him. We recognize that the cross-examination in the instant case came about after the co-defendant changed his plea to guilty and testified. But it is clear from the record that appellant made full use of his right to cross-examine the defendant, Devore.

The appellant's further contention that the alleged prejudice was compounded by the co-defendant's later guilty plea, as appellant argues, is not persuasive. The recent case of *Commonwealth v. Geho*, 223 Pa. Superior Ct. 525, 302 A. 2d 463 (1973) so held. Here the trial judge found specifically that there was no prejudice in this respect and stated that "[w]e might also add that Devore's guilty plea was taken outside of the presence of the jury and any facts and statements in connection with that guilty plea were not heard by the jury trying the petitioner [appellant]." There was ample evidence adduced at the PCHA hearing to support the finding and statement of the hearing judge.

---

[4] In *Bruton, supra*, the United States Supreme Court found the admission of a confession by a co-defendant to be prejudicial to the other defendant's Sixth Amendment right of confrontation when said co-defendant was not available for cross-examination.

Appellant's third argument, that the reception of co-defendant's guilty plea in front of the jury is grounds for withdrawal of a juror, cannot be considered again because it was fully and finally litigated in appellant's 1967 direct appeal to this Court. The "Post Conviction Hearing Act," *supra*, section 4(a)(2); *Commonwealth v. Conard*, 212 Pa. Superior Ct. 133, 240 A. 2d 388 (1968); *Commonwealth v. Orr*, 450 Pa. 632, 301 A. 2d 608 (1973).

Order affirmed.