397 A.2d 430

**COMMONWEALTH of Pennsylvania**

v.

**Kevin HARVEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1978.

Decided Jan. 31, 1979.

John R. Cook, Assistant Public Defender, Pittsburgh, for appellant.

Leo M. Dillon, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Allegheny County, Pennsylvania, Criminal Division imposed at Criminal Information No. 7700100. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant was arrested on December 21, 1976 in the Shadyside area of Pittsburgh by the city police who were acting in response to a radio call concerning a purse snatching involving two women. He was charged with two counts of robbery, two counts of theft, and two counts of simple assault. After his motion to suppress was denied, appellant proceeded to trial in front of the Honorable Joseph Ridge and a jury. Appellant's demurrer to one count of simple assault was granted. The jury returned a verdict of guilty as to all other counts. After post trial motions were denied, this timely appeal followed. Mrs. Elizabeth Flesher and her daughter Martha Merola were the victims of a purse snatching at Elwood and Sommerlee Streets in the Shadyside area of Pittsburgh. Mrs. Flesher indicated that she felt an arm behind her tugging at her purse. When her assailant was unable to obtain the purse, he moved in front of her and pulled so forcefully that she fell to the ground, but not before she had an opportunity to see him face to face. Mrs. Merola also felt her purse being slipped off her arm, but did not see her assailant, and gave no description of him to the police when she called to report the incident. Upon receiving the call, two Pittsburgh police officers went to an area known by them to be an area where purses were discarded after robberies. They discovered appellant and his co-defendant going through two purses. The two suspects were arrested and returned to the scene where appellant was identified by Mrs. Flesher as her assailant. The purses which appellant and his co-defendant had in their possession were those of the victims. Both defendants were also identified by a witness who saw them fleeing the scene, left to search for them, and then returned to make his identification. After questioning, each defendant signed a statement admitting his participation with his co-defendant.

During the trial, although the extrajudicial confession of the co-defendant was ordered to be "Brutonized" so as to delete any reference to appellant, the police officer incorrectly read the statement, thereby implicating the appellant. Cautionary instructions were then given to the jury by the court.

Appellant and his co-defendant later took the stand and testified that the statements were the product of an illegal arrest and were obtained as a result of abuse and coercion by the police.

Additionally, during the Commonwealth's case, after a short recess, while counsel for appellant was not present, the trial commenced with the trial judge asking counsel for the co-defendant to "cover" for appellant's counsel, which request was agreed to by co-defendant's counsel. The direct examination of Mrs. Merola was begun at that time. Subsequently, counsel for the appellant was granted an opportunity to read the 31 questions and responses he had missed, and was granted an opportunity to further cross-examine Mrs. Merola, which he declined to do. This particular testimony did not implicate the appellant or his co-defendant.

■ Appellant first contends that the reading of his co-defendant's statement implicating him constituted grounds for a mistrial based on a violation of his Sixth Amendment right to confront the witnesses against him. The United States Supreme Court has held that where the declarant co-defendant fails to testify, the introduction of his confession implicating the defendant violates his rights of confrontation and cross-examination. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

However, where the co-defendant later testifies at the joint trials and denies making the statement, the court has held that there was no denial of Sixth Amendment rights. *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). Cross-examination is full and effective even if it elicits only a denial by the co-defendant that he ever made the confession. *Commonwealth v. Hirsch,* 225 Pa.Super. 494, 311 A.2d 679 (1973); *Commonwealth v. Howard,* 231 Pa.Super. 353, 331 A.2d 845 (1974).

■ We are now confronted with a situation where two co-defendants admitted making statements but testified that their confessions were the product of coercion and physical abuse by the police. Once appellant's co-defendant

affirmed his statement but denied its veracity, cross-examination by appellant's counsel would have been futile. Since appellant and his co-defendant asserted a common defense at a joint trial, the co-defendant's testimony was more favorable than any that cross-examination could possibly have produced. Hence, appellant was not denied either the opportunity or the benefit of full and effective cross-examination and his right of confrontation guaranteed by the Sixth Amendment has not been violated.

■ Appellant further contends that he was denied his right to the assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution. Appellant relies on the case of *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967) wherein the defendant was denied the right to confer with his counsel during the noon day recess while the defendant was under examination as a witness. However, a careful review of the record made during counsel's absence here clearly indicates that neither appellant nor his codefendant was implicated by Mrs. Merola. She testified that she did not see the man who took her purse.

Trial counsel, after having an opportunity to review this portion of the record, chose not to ask any questions, obviously because of careful reading discloses the fact that nothing could possibly be gained by cross-examination. Furthermore, the defendants were asserting a joint defense and for dual representation during that short period to be ineffective, there must be a conflict of interest. *Commonwealth v. Breaker,* 456 Pa. 341, 318 A.2d 354 (1974). Such a conflict of interest does not appear in the record.

We note that at no time did the trial court enter an order depriving appellant of the right to confer with counsel as in *Commonwealth v. Vivian,* supra.

■ Therefore, while not condoning the procedure used by the trial court, we hold that appellant was not deprived

of his right to the assistance of counsel as there was absolutely no prejudice to him.

Accordingly, the Judgment of Sentence is Affirmed.

PRICE, J., files a concurring opinion.

PRICE, Judge, concurring:

Although agreeing that appellant was not denied his sixth amendment right of confrontation, I wish to expand upon my concurrence in the following respects.

In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court ruled that the right of confrontation was denied when a codefendant's confession implicating the defendant was admitted into evidence, if the codefendant chose not to testify. In so ruling, the Court noted that the right of cross-examination is an essential part of the right of confrontation. *E. g., Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). The Court stated,

> "Plainly, the introduction of [the codefendant's] confession added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the codefendant] did not take the stand. Petitioner thus was denied his constitutional right of confrontation." *Bruton v. United States, supra,* 391 U.S. at 127–28, 88 S.Ct. at 1623.

In *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), a codefendant's confession implicating the defendant as his confederate was introduced into evidence. The codefendant then took the stand, denied making any such statement and gave an account of his activities that supported the defendant's alibi defense. In deciding that the right of confrontation was not abridged, the Supreme Court was required to overrule dictum from prior cases to the effect that the right of cross-examination is satisfied only if the witness affirms making the prior statement, whereas the right is abridged if he denies it. *See Bruton v. United States, supra; Douglas v. Alabama,* 380 U.S. 415, 85

S.Ct. 1074, 13 L.Ed.2d 934 (1965). To illustrate the fallacy of this earlier dictum, the Court reasoned that in this particular case the defendant was benefitted more by the actions of his codefendant in denying the statement and giving favorable testimony, than if the codefendant had affirmed making the statement, which under the earlier dictum would have satisfied the right of cross-examination. The Court summarized by saying,

> "The short of the matter is that, given a joint trial and a common [alibi] defense, [the codefendant's] testimony respecting his alleged out-of-court statement was more favorable to the respondent than any that cross-examination by counsel could possibly have produced, had [the codefendant] 'affirmed the statement as his.' It would be unrealistic in the extreme in the circumstances here presented to hold that the respondent was denied either the opportunity or the benefit of full and effective cross-examination of [the codefendant]." *Nelson v. O'Neil, supra*, 402 U.S. at 629, 91 S.Ct. at 1727.

Although the above quoted language is supportive of the present holding,[1] I would not restrict the instant ruling to the rationale of *Nelson v. O'Neil, supra*. The rationale employed in *O'Neil* was merely intended to illustrate the fallacy in the earlier dictum; it was not intended as a blanket test for the right of cross-examination or confrontation. Assuming, for example, that appellant's codefendant merely affirmed the statement, or affirmed the statement and denied its veracity, but then proceeded to give testimony detrimental to appellant, would the right of confrontation then be denied? Under those circumstances, the *O'Neil* rationale that the testimony of the codefendant "was more favorable  .  .  .  than any that cross-examination .  . could possibly have produced", would be inapplicable. Yet,

---

1.  Since appellant and his codefendant were involved in a joint trial, and since the codefendant's testimony gave support to appellant's claim that his statement had likewise been coerced, it can truly be said that the codefendant's testimony "was more favorable to [appellant] than any that cross-examination by counsel could possibly have produced  .  .  .  ." *Nelson v. O'Neil, supra* at 629, 91 S.Ct. at 1727.

however, the right of confrontation would be met even under those circumstances, provided the codefendant took the stand and was subject to cross-examination. *See United States v. Maddox,* 492 F.2d 104 (5th Cir.), *cert. denied,* 419 U.S. 851, 95 S.Ct. 92, 42 L.Ed.2d 82 (1974). Indeed, the *O'Neil* Court's favorable discussion of *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), is supportive of this conclusion.

In *Green,* an individual named Porter identified the defendant as his drug supplier in his statements to police and at Green's preliminary hearing. Upon taking the stand at Green's subsequent trial, Porter affirmed making the prior statements, but testified that he did not know if they were true, nor did he know from whom he had purchased the drugs since he was on LSD at the time of the purchase and could not discern fact from fantasy. Porter's earlier statements implicating Green were admitted as substantive evidence. In holding that the right of confrontation was satisfied, the Court emphasized that Porter was now available for cross-examination regarding his earlier statements.

Based upon these precedents, I would hold that the right of confrontation would be satisfied if appellant's codefendant took the stand and was subject to cross-examination, regardless of how beneficial or detrimental the subsequent testimony of the codefendant. The *O'Neil* rationale is not, and has never been, an element of the right of confrontation or cross-examination. Indeed, the Court in *Nelson* summarized the import of the confrontation right as follows:

> "It was clear in *Bruton* that the 'confrontation' guaranteed by the Sixth and Fourteenth Amendments is confrontation *at trial*—that is, that the absence of the defendant at the time the codefendant allegedly made the out-of-court statement is immaterial, so long as the declarant can be cross-examined on the witness stand at trial." *Nelson v. O'Neil, supra,* 402 U.S. at 626, 91 S.Ct. at 1726 (emphasis in original).

Therefore, I would affirm the judgment in the court below since appellant's codefendant took the stand, was

subject to cross-examination by appellant's counsel, and the court below gave a proper cautionary instruction regarding the limited use of the evidence.