415 A.2d 898

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles Eugene NORMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Dec. 5, 1979.

Thomas P. Ruane, Jr., Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

Appellant Charles Eugene Norman was convicted in a jury trial with two accomplices in the Court of Common Pleas of Fayette County of robbery, theft, conspiracy, and recklessly endangering another person.[1] Posttrial motions were argued and denied and a sentence of four to eight years imprisonment was imposed. On this direct appeal, appellant posits several issues for our consideration, all of which we find to be without merit.

Facts adduced at trial revealed the following scenario. On the evening of May 18, 1977, Evelyn Hess and her daughter Joyce Halbrook were working in Nickman's Store on Route 40 near Uniontown, Pennsylvania. A heavy rainstorm and leaky roof forced them to continually mop the floor and to scatter buckets at strategic points throughout the store to catch the drips. At approximately 7:30 p.m. two young men entered the premises, one of who approached

---

1. Crimes Code, 18 Pa.C.S.A. §§ 3701, 3921, 903, and 2705 respectively.

Miss Halbrook and asked to be shown a shag rug. She ushered the man, later identified as co-defendant John Ulery, to the rear of the store, where he suddenly produced a revolver and ordered the two employees into a back room. He then directed Miss Halbrook to assist the other young man, later identified as co-defendant William Lewis, in removing the money from the cash register. After receiving the cash in a brown bag, Lewis grabbed an AM–FM radio from the shelf, whereupon the two men fled out the door. In all, approximately fifteen to twenty minutes had elapsed.

At about this time, Trooper Joel Lander of the State Police was on routine patrol on Route 40 approaching Nickman's when he passed a black Mercury travelling in the opposite direction. As the car was in a run-down condition, the trooper quickly glanced at the inspection sticker and simultaneously observed the driver, whom he later identified as Ulery. He then responded to the armed robbery call at Nickman's and, upon interviewing the complainants and receiving their descriptions of the perpetrators, decided that the driver of the Mercury was one of the robbers. He radioed a description of the automobile and driver to his station.

Later that evening, the Mercury was stopped by police in Adah, Luzerne Township, with Ulery as the only occupant. A search of the vehicle produced a radio, identified by Joyce Halbrook as that taken in the robbery, as well as a .32 caliber revolver. Upon questioning by State Trooper Edward Dunkard, and after being advised of his constitutional rights, Ulery admitted he had planned the robbery with Lewis and appellant Norman and that they had later split the money. Appellant was arrested the next day and also questioned by Trooper Dunkard. In his confession, appellant stated that Ulery had needed money on the evening of May 18; that he had accompanied Ulery into Nickman's; that Ulery had the revolver and did all the talking; that he (appellant) had left the store and waited outside for Ulery, and that he had later received proceeds from the hold-up. Lewis gave no statement to the police upon his arrest.

Before trial, the Commonwealth moved to try all three suspects jointly, which motion was granted over defense objection. The extrajudicial statements of Ulery and Norman were redacted to omit all references to anyone other than the declarant, in accord with *Bruton v. U. S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

All three of the accused took the stand in his own defense. Ulery admitted to being at Nickman's on the evening in question in the company of appellant and Lewis, but stated he only bought a stereo and shopped for a rug. He denied telling Trooper Dunkard he had robbed the store. Appellant testified he accompanied Ulery into Nickman's that night but noticed nothing unusual transpiring. He looked at clothing briefly and then waited with Lewis in the car for Ulery to come out. He could not remember whether or not he told Trooper Dunkard that Ulery had used a gun on a Nickman's employee.

Appellant first contends that the redaction of co-defendant Ulery's statement at trial was not sufficient to prevent prejudice to appellant. Specifically, Trooper Dunkard told the jury that Ulery admitted to planning the robbery with "two other subjects" and to later splitting up the money with these "subjects." Appellant argues that even though he was not named as being one of the "subjects", the jury could draw no other conclusion than that he must be one since he was seated in court with Ulery charged with the same crimes. Preliminarily, we note that the court was quite correct in excising from Ulery's confession all named references to appellant since a co-defendant's confession, which inculpates the instant defendant, cannot be used as evidence against the defendant. *Bruton, supra; Commonwealth v. Witherspoon*, 481 Pa. 321, 392 A.2d 1313 (1978); *Commonwealth v. Johnson*, 227 Pa.Super. 96, 323 A.2d 813 (1974). As an appropriate method of protecting a defendant's right to confront adverse witnesses, the Supreme Court has approved the practice of redaction, in which all testimonial references to persons other than the declarant are deleted. *Commonwealth v. Johnson*, 474 Pa.

410, 378 A.2d 859 (1977); cf. *Bruton*, supra, 391 U.S. at p. 134, fn. 10, 88 S.Ct. at p. 1626 fn. 10; *Commonwealth v. Guess*, 266 Pa.Super. 359, 404 A.2d 1330 (1979). We have also recognized, however, that redaction is not always effective in relieving prejudice to the accused and that other remedies may be required. See, e.g., *Commonwealth v. Young*, 263 Pa.Super. 333, 397 A.2d 1234 (1979); *Commonwealth v. Nagle*, 253 Pa.Super. 133, 384 A.2d 1264 (1978). Appellant contends this is such a case. Whatever the merits of his position, it is clear that any alleged *Bruton* error was cured when Ulery took the stand in his own defense. The cases are clear that "The Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *Nelson v. O'Neil*, 402 U.S. 622, 626, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222 (1971); *Commonwealth v. Howard*, 231 Pa.Super. 353, 331 A.2d 845 (1974); *Commonwealth v. Hirsch*, 225 Pa.Super. 494, 311 A.2d 679 (1973). This is so even if the declarant denies that he made the statement and claims that its substance is false. *Nelson*, supra, 402 U.S. at 627, 91 S.Ct. at 1726; *Commonwealth v. Harvey*, 263 Pa.Super. 121, 397 A.2d 430 (1979). Thus, appellant instantly was not denied his right to confront his accuser since Ulery took the stand and was available for full and effective cross-examination by appellant's attorney.[2]

▪▪ Appellant next contends the court abused its discretion in granting the Commonwealth's motion to consolidate for trial the Informations charging the various crimes. Since the three co-defendants were each charged in separate Informations, the propriety of conducting a joint trial is governed by *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973):

[W]e adopt the approach to the consolidation of indictments embodied in Fed.R.Crim.P. 13, which provides:

2. Neither party has considered the significance of the fact that Ulery's and appellant's confessions "interlock"; that is, the two statements are internally consistent and support each other. See, *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979).

"The court may order two or more indictments, or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." 453 Pa. at 192, 307 A.2d at 266–67.

Thus, a joint trial was proper if the defendants could have been charged in a single Information under Pa.R.Crim.P. 228(c):

[T]wo or more defendants may be joined in the same information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

"Especially is a joint trial permissible, if not advisable, when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to [all] defendants", *Commonwealth v. Jackson*, 451 Pa. 462, 464, 303 A.2d 924, 925 (1973), quoting, *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954); *Commonwealth v. Weitkamp*, 255 Pa.Super. 305, 386 A.2d 1014 (1978). A joint trial is also appropriate where a conspiracy is alleged. *Commonwealth v. Tolassi*, 258 Pa.Super. 194, 392 A.2d 750 (1978); *Commonwealth v. Schwartz*, 210 Pa.Super. 360, 233 A.2d 904 (1967) aff'd, 432 Pa. 522, 248 A.2d 506 (1968). It is well-settled that questions of consolidation or severance of defendants for trial rests in the discretion of the trial court and will not be reversed in the absence of an abuse of that discretion. *Tolassi*, supra, Pa.R.Crim.P. 228(d); cf. *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690 (1975); *Commonwealth v. Vickers*, 260 Pa.Super. 468, 394 A.2d 1022 (1978).

With these standards in mind, it is clear that there was no reversible error in trying the three defendants in one proceeding. The crimes with which they were charged all grew out of the Nickman's robbery and required substantially identical evidence as to each participant. Moreover, joinder was especially appropriate since a conspiracy was alleged. Finding consolidation properly authorized, we conclude there was no abuse of discretion.

■ Appellant next assigns as error the court's refusal to grant seven peremptory jury challenges to each defendant, instead of seven for the three collectively. The trial court restricted the defense to only seven challenges, whereas appellant contends the court should have allowed twenty-one. Act of October 7, 1976, P.L. 1089, No. 217, § 1 (19 P.S. § 811a) provides: "[I]n all trials for noncapital felonies, the Commonwealth and the defendant shall each be entitled to seven peremptory challenges." The legislature has further provided that "[I]n all cases of joint trials, the accused shall have the right to the same number of peremptory challenges to which either would be entitled if separately tried, and no more." Act of March 31, 1860, P.L. 427, § 40 (19 P.S. § 785).[3] The right to peremptory challenges is thus purely legislative in origin and jointly tried defendants receive the same number of peremptories as does one defendant. *Commonwealth v. Vecchiolli*, 208 Pa.Super. 483, 224 A.2d 96 (1966); *Commonwealth v. Kubacki*, 208 Pa.Super. 523, 224 A.2d 80 (1966); *Commonwealth v. Cohen*, 203 Pa.Super. 34, 199 A.2d 139 (1964).

■ Appellant also complains that the Commonwealth's offer of proof concerning Trooper Lander's testimony did not conform exactly to his actual testimony. Specifically, the Assistant District Attorney informed the court the trooper would testify that, while on routine patrol near Nickman's his attention was drawn to the black Mercury by the three suspicious looking individuals inside. When the trooper actually testified, he said he was drawn to the car, not by its occupants, but by the deteriorated condition of the vehicle. The officer's testimony conformed in all other respects with the offer. We cannot perceive any prejudice flowing to appellant as a result of the minor inconsistency. The purpose of the testimony was to establish a link between the flight from Nickman's and the eventual arrest a few hours later in Adah. The reason for the trooper's

3. The Acts of 1976 and 1860 were later repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) (42 Pa.C.S.A. § 2002(a) [1479], [377]).

suspicion of the vehicle and its occupants does not alter the significance of the testimony. Moreover, the trooper was subjected to probing cross-examination by all three defense attorney's concerning all aspects of his testimony. There was no error.

■ Finally, appellant avers the evidence was insufficient to sustain the verdicts. We have viewed the entire record in the light most favorable to the Commonwealth and have drawn all reasonable inferences favorable to the Commonwealth. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Santiago*, 476 Pa. 340, 382 A.2d 1200 (1978). Moreover, the jury, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, was free to believe all, part, or none of the evidence. *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978); *Commonwealth v. London*, 461 Pa. 566, 337 A.2d 549 (1975). Under these guidelines, we are satisfied there was sufficient evidence to enable the trier of fact to find every element of the crimes beyond a reasonable doubt.

Judgment of sentence affirmed.