513 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Joseph COUNCIL, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1986.

Filed Aug. 7, 1986.

Anita M. Cohen, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

Before us today is the appeal of Joseph Council following his conviction by a jury for the crimes of murder in the third degree, robbery, and criminal conspiracy. This is the second case in a trilogy, all involving the same facts. The first case, *Commonwealth v. Upchurch*, 355 Pa.Super. 425, 513 A.2d 995, also decided today, satisfactorily sets forth all pertinent facts. In addition, with respect to appellant, we note:

Defendant Council was charged under September Term, 1983: no. 629 criminal conspiracy; no. 630 possession of an instrument of crime, generally; no. 631 robbery; no. 632 involuntary manslaughter; and no. 633 murder, voluntary manslaughter. Council was sentenced on bill no. 633 to not less than ten nor more than twenty years at the State Correctional Institution at Graterford; on bill no. 631 Council was sentenced to not less than ten nor more than twenty years to run consecutive to bill no. 633; and on bill no. 629 Council received not less than five nor more than ten years

to run consecutive to bill no. 631. The defendant was assessed $15.00 towards the Victim's Compensation Fund.

Many of the allegations of error raised by appellant Council have been addressed adequately in the companion case, *Commonwealth v. Upchurch.* Pursuant to that, we deem it unnecessary to once again discuss the same issues. Those issues affirmed in *Upchurch* and affirmed with respect to Council through the adoption of our reasoning in *Upchurch* are as follows: (a) that the Commonwealth acted improperly in: withholding discovery, allowing uncorrected false testimony to go to the jury, introducing testimony of an unrelated weapon, introducing testimony regarding a polygraph, presenting its closing argument; (b) that the trial court acted improperly in: ruling Andre Hackney competent to testify, the procedure followed in making the above ruling, allowing the Commonwealth to lead Andre Hackney, allowing to go uncorrected false testimony, not enforcing pre-trial discovery, allowing the prosecutor to give an improper closing, charging the jury about its opinion as to the evidence of manslaughter, refusing to excuse Leonard Kaminski for cause, not allowing the appellant's counsel to cross-examine prospective juror Dorothy Heebner for cause, limiting cross-examination of Andre Hackney; and (c) that there was sufficient evidence to sustain a conviction for robbery.

Our inquiry, then, deals only with those arguments raised solely by appellant Council and not otherwise addressed.

## I.

First, we consider appellant's contention that the prosecutor engaged in a pattern of rude and abusive conduct towards the defense. With this, we also consider appellant's argument that the court erred in allowing the prosecutor to be abusive to counsel throughout the trial.

█ A review discloses that some of the statements were not made as a result of good judgment, but not every unwise statement warrants reversal. *Commonwealth v.*

*Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975). The effect of such remarks depends upon the atmosphere of the trial and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Stoltzfus, supra.* In the heat of the fray, it is unfortunate that extraneous comments are made. *Commonwealth v. Hernandez, supra.*

In the case *sub judice,* many of the comments were made outside the jury's province. Comments made during objections were admonished by the judge if necessary. Neither side was entirely professional, but we fail to see how the occasional outbursts unduly inflamed the jury's objectivity. We do suggest, however, that all parties involved refrain from creating an atmosphere that would elicit such statements.

## II.

■ The next issue for review concerns testimony of appellant's possible involvement with drugs. Appellant argues that the court and prosecutor impermissibly educed testimony that appellant called the victim over to buy some joints. The purpose for this information, it was revealed at side bar, was motive, that the drugs were a "gimmick" to lure the victim. (N.T.340).

Pennsylvania Courts have said on this issue that:

... where the evidence is most relevant, the mere fact that testimony of another crime may be prejudicial will not prevent its introduction into evidence. *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1973). Thus, evidence of other crimes has been admitted where that evidence tends to prove motive or intent, *Commonwealth v. Terry,* 462 Pa. 595, 600, 342 A.2d 92 (1975).

(Quoted in *Commonwealth v. Dumas,* 299 Pa.Super. 335, 445 A.2d 782 (1982)). This is the situation presently before us and we do not find any error.

### III.

■ An alleged threat made to witness Andre Hackney is the next issue raised by appellant. The record shows that the trial judge allowed the prosecutor to question the witness as to a threat made to Hackney. An objection, however, kept the witness from answering. (N.T. 557). A side bar followed (N.T. 557–565) and any further testimony concerning threats was made *in camera*. (N.T. 566–613). The jury was then instructed to disregard the last question (N.T. 613). Since this testimony was outside the jury, we cannot find error on either the prosecutor's or judge's part.

### IV.

We next discuss the decision by the trial court not to sever appellant's trial from that of his co-defendants. Appellant argues that a joint trial of three defendants resulted in prejudice: first, because lengthy in-chambers conferences before many of the Commonwealth witnesses testified led to boredom and frustration on the part of the jury; second, a commitment to a joint trial, no matter how unfair, had to be carried out or risk a mistrial that would bar a retrial of the defendants; and third, appellant contends that the prosecutor improperly used the statement of a co-defendant to incriminate him. This occurred when the prosecutor, during his opening argument, used a statement by Michael Upchurch to the effect that he (Upchurch) admitted being at the scene and hearing *another co-defendant* say, "Here comes a white boy, let's get him." Since the prosecutor later excluded co-defendant Johnson as the speaker, this left appellant as the incriminated utterer.

■ Initially, we must review this issue taking into consideration that whether or not defendants will have separate trials lies within the sound discretion of the trial court, whose judgment will not be disturbed absent a manifest abuse of that discretion. *Commonwealth v. Tolassi*, 258 Pa.Super. 194, 392 A.2d 750 (1978). In addition, a joint trial is especially permissible, and even advisable, when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to all defendants.

*Commonwealth v. Norman,* 272 Pa.Super. 300, 415 A.2d 898 (1979). So, too, is a joint trial appropriate where there is a conspiracy alleged. *Commonwealth v. Tolassi, supra.*

■ With the case presently before us, we find no abuse of discretion. Clearly, the charges were the result of the same incident. Many of the same witnesses would testify and much of the evidence would apply to all three. Severance would have resulted in unnecessary repetition. The propriety of a joint trial gains further support since the defendants were also charged with a conspiracy.

■ Despite the above rationale affirming the decision to deny the motion for severance, we are obligated to take a closer look at the argument concerning redaction.[1]

Our Court, in *Commonwealth v. Guess,* 266 Pa.Super. 359, 404 A.2d 1330 (1979) stated:

In *Johnson,* our supreme court quoted with approval the court of appeals in *United States v. Brown,* 160 U.S.App.D.C. 190, 210, 490 F.2d 758, 778 (1974):

"It has been recognized that an efficient method of avoiding unnecessary prejudice where the declarant's state of mind is otherwise relevant is to delete the offensive portions of the statement ... Presumably if the statement could not be so altered without completely losing its sense it must be excluded ...

"As with most evidentiary questions, especially those involving 'balancing,' *substantial deference to the trial judge's discretion must necessarily be afforded."* *Commonwealth v. Johnson, supra,* 474 Pa. 410 at 412, 378 A.2d at 859, 860. (emphasis added).

■ This Court has also stated that redaction is not always effective in relieving prejudice to the accused and that other remedies are required. *Commonwealth v. Norman, supra.* As in *Norman,* appellant avers this is such a case. We do not agree. In so deciding, we follow our

---

**1.** Redaction has been defined as any revision or editing. In a legal sense, however, it indicates the alteration of a confession to excise any reference by one joint defendant to any co-defendant. *Commonwealth v. Johnson,* 474 Pa. 410, 411 N. 1, 378 A.2d 859, 860, N. 1 (1977).

reasoning in *Commonwealth v. Rawls*, 276 Pa.Super. 89, 419 A.2d 109 (1980). Appellant was not mentioned specifically by name. While one defendant was excluded by name, that still left two participants—appellant and Mary Alice Smith—who could have been the speaker. This statement alone does not incriminate appellant. We, therefore, find no abuse by the trial court in handling this situation either in the prosecutor's opening, during examination, or in the motion to sever.

## V.

■■ Finally, we turn to the issue in which appellant charges that the court reflected a settled prejudice against the defense thereby resulting in an unfair trial to appellant. The instances cited as support are: failure to act on or rule on pre-trial motions, refusal to allow counsel to observe the Sabbath, and calling counsel a liar.

The first claim is a bare allegation with no supporting facts. No prejudice or harm is shown. With respect to the second claim, the record reveals that it occurred at the end of trial while the jury was deliberating. The trial court was attempting to force two defense attorneys to be available on their Sabbath should the jury reach a verdict on that day. We do not decide the propriety of that action as to the attorneys. We find, however, no harm or prejudice to the appellant. The actions of the court in no way affected his trial. So, then, this claim must fail. A review of the record further reveals that the last claim is also meritless. A heated discussion took place concerning the availability and absolute necessity of a defense witness but the ensuing conversation did not rise to the level of animosity and partiality alleged by appellant.

### Conclusion

As with the companion case of *Commonwealth v. Up-church*, 355 Pa.Super. 425, 513 A.2d 995 (1984), we find that appellant received a fair trial. Judgment of sentence affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur in the result reached by the majority. However, I write separately to express a different analysis of Issue II. At trial, Stanley Hackney testified that appellant had told him that when appellant and his friends exited the bar and saw the victim coming down the street, appellant called to the victim and asked if he wanted to purchase some marijuana. When the victim did not respond, one of the defendants shot him. The majority holds that the question about the purchase of drugs was properly received because it was relevant to prove motive. I am unable to agree with this reasoning. The killing in this case was not related to a drug sale. The offer of a drug sale was merely a pretext to have the victim stop so that he could be assaulted by appellant and his friends. I would hold that this evidence was admissible, not as evidence of motive, but as part of the same criminal transaction or episode for which appellant was being tried. It was, in my judgment, " 'one of a sequence of acts, or ... part of the history of the event on trial, or ... part of the natural development of the facts.' " *Commonwealth v. Brown,* 462 Pa. 578, 591, 342 A.2d 84, 90 (1975), quoting *Commonwealth v. Williams,* 307 Pa. 134, 148, 160 A. 602, 607 (1932).

I concur in the result.