378 A.2d 859

COMMONWEALTH of Pennsylvania

v.

**Raymond R. JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1977.

Decided Oct. 28, 1977.

John H. Chronister, Public Defender, York, for appellant.

Donald L. Reihart, Dist. Atty., York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Judge.

The potential use or abuse of redaction[1] to permit the use of confessions of co-defendants in a joint criminal trial was pointed out in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Counsel for the appellant refers to the absence in this jurisdiction of appellate authority dealing with redaction, and asks the Court to hold that redaction should not be allowed because it can never be done

---

1. Redaction in its broad sense indicates any revision or editing but in a strict legal sense has come to refer to the deletion, and any other change in a confession, to strike out any reference by one joint defendant to any co-defendant.

in such a manner as to protect a defendant. In the alternative, the request is made that we should hold that the manner in which the redaction was done in this case was actually prejudicial.

The appellant had been convicted of murder in the first degree and was sentenced to life imprisonment. In a joint trial the written confession of a co-defendant was admitted in evidence after all its references to defendant were eliminated.

It is well-settled that redaction can be an appropriate method of protecting defendant's rights under the *Bruton* decision. The possible use of redaction is mentioned in *Bruton* itself. Other courts have permitted this procedure. *United States v. Brown,* 160 U.S.App.D.C. 190, 490 F.2d 758 (1974); *Coltrane v. United States,* 135 U.S.App.D.C. 295, 418 F.2d 1131 (1969) and *Oliver v. United States,* 118 U.S.App. D.C. 302, 335 F.2d 724 (1964). The court in *Brown, supra,* 160 U.S.App.D.C. at 210, 490 F.2d at 778 stated:

"It has been recognized that an efficient method of avoiding unnecessary prejudice where the declarant's state of mind is otherwise relevant is to delete the offensive portions of the statement. . . . Presumably if the statement could not be so altered without completely losing its sense it must be excluded *in toto.* . . .

"As with most evidentiary questions, especially those involving 'balancing,' substantial deference to the trial judge's discretion must necessarily be afforded."

■ We agree. The basic theory of redaction seems sound. If a confession can be edited so that it retains its narrative integrity and yet in no way refers to defendant, then use of it does not violate the principles of *Bruton.* The practical application of the theory may be difficult and in many cases it may be decided that separate trials are necessary. However, this kind of determination must be made on a case by case basis.

■ In this particular case appellant contends that omitting words naming him from a statement telling who went

upstairs was prejudicial to Sue Grendall, since it makes it appear that she went upstairs alone. In the first place, the confession was admissible against Sue Grendall so it rightly should inculpate her. In the second place, appellant lacks standing to object to a violation of his co-defendant's rights, if any occurred. Finally, since Sue Grendall was acquitted, this would be harmless error, if it were error at all. This point was raised originally by Sue Grendall's attorney, apparently to be used as a basis for an appeal if she had been convicted. It is obviously inappropriate as a basis for an appeal by the appellant.

 The appellant also objects that the part of the original confession that originally read "Chinese, Derick, Kenny and myself were upstairs in my bedroom planning what to do" was redacted by the deletion of "Chinese" which was the nickname of the appellant. The contention is that with only three of the four people going upstairs the jury would wonder what, if anything, the fourth person was doing. The assertion of the jury's wonderment on this score had no relevancy to any issue in the case. In order for a redacted confession to be rejected as inculpatory by way of inference, it must have some incriminatory impact. The possible inference of the jury that the appellant, admittedly in the house, was upstairs or downstairs before the commission of the crime, was in no sense prejudicial.

Here we had a painstaking effort on the part of the trial judge to delete references to appellant in the confession and in every case of a doubt he deleted words and phrases that might possibly implicate appellant. On one questionable segment, not mentioning appellant by name, but including him in the pronoun "we" along with Ms. Grendall, the court ruled that the reference must be deleted. "No. I won't permit that. I don't want any reference at all, any stretch of the imagination that could include Chinese."

 As stated above, these questions must be left within the discretion of the court to be decided on a case by case basis. Certainly, when it is not clear that a confession can

be redacted without prejudice to defendant, the confession should be excluded. It is incumbent upon district attorneys who plan to redact a confession to raise the issue at pretrial, rather than during the trial, so that if redaction is unwarranted, separate trials can be ordered. Where, however, as in this case the confession does not contain a trace or a hint of participation in the crime by appellant, redaction is permissible.[2]

Judgment affirmed.

**2.** Another issue raised by appellant is whether the judge erred in not allowing the jury to set the penalty. We do not reach this question here, however, since by the failure of defense counsel to make any objection at the time or to make any mention of it in the original motion for a new trial the issue has been waived. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

Appellant does not contend that the evidence is insufficient to support the verdict of murder of the first degree. However, this Court has an independent obligation to determine whether the evidence is sufficient to support a verdict of murder of the first degree. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964). An examination of the record reveals that the evidence is sufficient to support the verdict.