436

470 A.2d 998

**COMMONWEALTH of Pennsylvania**

v.

**Reginald SANFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1983.

Filed Jan. 13, 1984.

438

Thomas F. Reilly, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant alleges (1) that the introduction of co-defendants' redacted confessions violated his sixth amendment right to confrontation and (2) several instances of prosecutorial misconduct. We find no merit in appellant's contentions and, accordingly, affirm the lower court's order.

Appellant was arrested on November 23, 1976 and, along with three co-defendants, was charged with rape, robbery, involuntary deviate sexual intercourse and criminal conspiracy. After a joint trial before a jury, appellant was found guilty on all counts and following the denial of his post-trial motions, was sentenced to a ten-to-twenty year term of imprisonment.[1] Subsequent to appellant's filing a Post

---

**1.** Our Court has previously affirmed the judgments of sentence in appellant's co-defendants' appeals. *See Commonwealth v. Key*, 286 Pa.Superior Ct. 612, 427 A.2d 239 (1980) (Per Curiam); *Commonwealth v. Boykin*, 276 Pa.Superior Ct. 56, 419 A.2d 92 (1980) *rev'd* 501

Conviction Hearing Act petition on March 6, 1980, the Honorable Edward J. Blake granted appellant the right to appeal, *nunc pro tunc,* from the trial court's denial of his post-verdict motions. This appeal followed.

Appellant contends first that his sixth amendment right to confrontation was violated by the admission of his co-defendants' confessions. Specifically, he argues that the combination of the redacted confessions and the court's limiting instructions failed to protect this right. We disagree. Redaction can be an appropriate method of protecting a criminal defendant's rights, if "a confession can be edited so that it retains its narrative integrity and yet in no way refers to defendant." *Commonwealth v. Johnson,* 474 Pa. 410, 412, 378 A.2d 859, 860 (1977). *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The introduction of a confession "is objectionable, however, ... when it refers to and implicates the defendant." *Commonwealth v. Guess,* 266 Pa.Superior Ct. 359, 376, 404 A.2d 1330, 1338 (1979). *See Commonwealth v. McQuaid,* 273 Pa.Superior Ct. 600, 417 A.2d 1210 (1980); *Commonwealth v. Norman,* 272 Pa.Superior Ct. 300, 415 A.2d 898 (1979).

Here, the trial court admitted the redacted confessions of two of appellant's co-defendants. The court replaced all mention of proper names with the pronouns "we" and "us" and instructed the jury that the statements were to be considered only against the speakers and not against the remaining defendants. We find the redaction, coupled with the court's limiting instructions, sufficient protection against a denial of appellant's sixth amendment rights. As in *Commonwealth v. Johnson, supra* 474 Pa. at 414, 378 A.2d at 861, redaction is permissible here because "the confession does not contain a trace or a hint of participation *in the crime* by appellant...." (emphasis added). Rather, the redacted confessions merely informed the jury that

Pa. 250, 460 A.2d 1101; (*appeal pending in Supreme Court at No. 80–3–758*); *Commonwealth v. Young,* 263 Pa.Superior Ct. 333, 397 A.2d 1234 (1979).

others, besides the speaker, were at the scene and possibly involved in the incident that followed.[2]

Appellant's reliance on *Bruton v. United States, supra,* is misplaced. In *Bruton,* the Supreme Court held that, when a co-defendant's confession implicating the defendant is permitted and the co-defendant does not take the stand, the defendant's right to confront and cross-examine witnesses is violated. Here, however, the redacted confessions did not implicate appellant any more than his being tried jointly with the other defendants. Appellant's reliance on *Commonwealth v. Knight,* 469 Pa. 57, 364 A.2d 902 (1976), is equally misplaced. In *Knight,* the Court chose to "treat all of the statements introduced into evidence as having directly incriminated both the declarant and his co-participant." *Id.,* 469 Pa. at 62, 364 A.2d at 904. The names had been replaced with "the other individual named." The redacted confessions in the instant case, however, do not incriminate anyone individually, save the defendant who offered the confession. The use of "we" and "us" only alerted the jury that at least one other person had acted with the speaker.

■ Appellant next alleges several instances of prosecutorial misconduct in the district attorney's closing statement. We find that the trial court did not err in refusing to grant a new trial on these contentions. A prosecutor's trial conduct must be neither vindictive nor in any manner influence the jury by arousing their prejudices. *Commonwealth v. Starks,* 479 Pa. 51, 56, 387 A.2d 829, 831 (1978). "But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required." *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873, 882 (1975). "Comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the

---

**2.** Even if the redacted confessions implied that appellant was at the scene before the incident, they did not incriminate him in the rape/robbery that followed.

evidence objectively and render a true verdict." *Commonwealth v. Van Cliff,* 483 Pa. 576, 582, 397 A.2d 1173, 1176 (1979), *quoting Commonwealth v. McNeal,* 456 Pa. 394, 400, 319 A.2d 669, 673 (1974). *See generally Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) ("Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial.").

■ Appellant challenges first the prosecutor's comment that "Darlene Solomon made up her mind she wasn't going to tell anyone." (N.T. at 7.184). Solomon, who was present at the scene of the rape/robbery, but was not a victim, did not testify at the trial. As our Court noted in one of the co-defendant's appeals, *Commonwealth v. Young,* 263 Pa. Superior Ct. 333, 397 A.2d 1234 (1979), the victims themselves had testified to a secret agreement not to talk. Thus, the prosecutor was making an inference from what was already in evidence. Furthermore, even if the jury could infer from this comment that Solomon's testimony would be corroborative of the victims', the comment does not rise to the level of prejudice requiring a new trial.

■ Appellant also challenges the district attorney's comment that "Detectives don't make mistakes." While the prosecutor may not express his personal belief or opinion as to the truth or falsity of any testimony, *see* Standard 3–5.8(b) of the American Bar Association Standards Relating to Administration of Criminal Justice, it cannot reasonably be said that this expression deprived appellant of a fair and impartial trial. The prosecutor in making this isolated remark, emphasized the consistency between the detectives' testimony as to the content of the co-defendants' confessions and the victims' stories. *Commonwealth v. Young, supra.* This comment does not rise to the degree of expression disfavored in *Commonwealth v. Starks, supra,* where the prosecutor continually and strenuously emphasized his belief in the truthfulness of the detective's testimony.

■ Appellant also objects to the portion of the district attorney's closing statement wherein he noted, "There's a

time to speak. A time to keep silent." (N.T. at 7.206). Specifically, appellant argues that from this comment the prosecutor hoped to indirectly emphasize that appellant did not take the stand. We disagree with this interpretation of the prosecutor's comment and, instead, agree with our Court in *Commonwealth v. Young, supra,* that the district attorney was referring to the fact that he was concluding and that "to construe the statement as a reference to appellant's First Amendment perogatives [sic] would be an unreasonable strain on the plain meaning of the words in context." *Id.* 263 Pa.Superior Ct. at 339, 397 A.2d at 1238.

■ ·Similarly, appellant avers prosecutorial misconduct in the district attorney's informing the jury that he would "await their decision," and that "it all comes out." [3] These comments are well within the permissible range of prosecutorial remarks in closing statements.

Accordingly, finding no merit in appellant's several contentions, we affirm the lower court's order.

Affirmed.

---

**3.** Appellant argues that by saying "it all comes out," the district attorney attempted to persuade the jury that he was completing an evidentiary "puzzle."