## Commonwealth v. Cintron

*Evan Silverstein, assistant district attorney,* for the Commonwealth.

*Gaetano Sciolla,* for defendant.

SAVITT, *J.,* September 21, 1994—

## FACTS AND HISTORY

On March 11, 1992 at about 7 p.m. Charles Jenkins, the victim, and Craig Williams, went to a house at 2950 N. Lawrence Street in Philadelphia with $3,000 to buy drugs. Upon arrival they were told by co-defendant, Samuel Gladden, to come back later because there was not that much "stuff" on hand. Prior to their return Gladden recruited other men to take part in a stickup of the two victims upon their returning to buy drugs. When Jenkins and Williams returned with the money, four men were in the house. Shortly after entering, the victims were searched for weapons, whereupon one man came out of the stairwell with a gun and another from the kitchen and as Jenkins and Williams turned and ran, began shooting, hitting Jenkins in the back causing his death.

The case was tried by this court and a jury from May 11, 1993 to May 18, 1993 and this defendant and co-defendant Gladden were found guilty of murder in the second degree and possessing an instrument of a crime. Gladden's post sentence motions were heard and denied on March 16, 1994 and he was sentenced to life imprisonment.

Trial counsel, Leroy Larner, Esquire filed post sentence motions and was permitted to withdraw and Gaetano Sciolla, Esquire was appointed to represent the defendant. Mr. Sciolla filed two sets of supplemental motions and hearings on the ineffectiveness claims were held on January 14, 1994 and June 30, 1994. Defendant's motion for a new trial was granted on July 27, 1994. The Commonwealth has appealed.

OPINION

In his post sentence motions post-trial counsel alleges inter alia that trial counsel was ineffective for not objecting to the admission of co-defendant Samuel Gladden's redacted statement. Defendant alleges that this statement so prejudiced him that he is entitled to a new trial on this basis. This court agreed.

With respect to the issue of ineffectiveness, counsel is presumed to be effective and the defendant has the burden of proving ineffectiveness. *Commonwealth v. Williams,* 524 Pa. 218, 590 A.2d 75 (1990); *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Stinnett,* 356 Pa. Super. 83, 514 A.2d 154 (1986). In order to carry this burden the defendant must first show that the claim which counsel failed to raise has arguable merit and that counsel's failure to raise it was without a reasonable basis which would effectuate the defendant's best interests. *Strickland v. Washington,* 466 U.S. 688 (1984); *Commonwealth v. Basemore,* 525 Pa. 512, 582 A.2d 861 (1990); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Second, the defendant must show that counsel's ineffectiveness worked to his prejudice. *Strickland v. Washington, supra; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Buehl, supra; Commonwealth v. Garvin,* 335 Pa. Super. 560, 485 A.2d 36 (1984). In order to show prejudice the defendant must demonstrate that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington, supra; Commonwealth v. Pierce, supra.*

In *Bruton v. The United States,* 391 U.S. 123 (1968) the Supreme Court held that the admission of a non-testifying co-defendant's confession implicating the defendant is a violation of the defendant's confrontation right even where the court instructed the jury not to use the co-defendant's confession against the defendant. Since *Bruton* it has become well settled that redaction can be an appropriate method of protecting a defendant's rights. *Commonwealth v. Wharton,* 530 Pa. 127, 607 A.2d 710 (1992); *Commonwealth v. Johnson,* 474 Pa. 410, 378 A.2d 859 (1977). In *Richardson v. Marsh,* 481 U.S. 200 (1987) the United States Supreme Court held that a confession by Marsh's co-defendant which had been redacted to eliminate not only Marsh's name but all reference to her existence was admissible. In a footnote the court noted, "we express no opinion on admissibility of a confession in which the defendant's name has been replaced with a symbol or a neutral pronoun." *Id.* at 211 n.5.

Prior to its ruling on redaction in *Richardson* the United States Supreme Court held in *Scheble v. Florida,* 405 U.S. 427 (1972), that the mere finding of a *Bruton* violation does not require reversal of a conviction. The court after having found a *Bruton* violation then applied the harmless error rule saying that where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the co-defendant's admission so insignificant by comparison that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error, the defendant is not entitled to a new trial.

The Pennsylvania Supreme Court in *Commonwealth v. Wharton, supra,* a case in which two confessions had been redacted by replacing names with "the other guy," stating that there is a danger of prejudice where

a co-defendant's redacted confession which refers to the defendant by contextual implication is introduced at trial, determined that the co-defendant's confession in conjunction with the evidence did implicate the defendant in violation of *Bruton,* but applied the harmless error standard set forth in *Scheble v. Florida, supra* and held that the defendant was not entitled to a new trial because the other admissible evidence overwhelmingly implicated him in the crime.

In *Commonwealth v. Oliver,* 431 Pa. Super. 1, 635 A.2d 1042 (1993), a case where the co-defendants had given detailed confessions, the Superior Court concluded that the jury could have inferred from the evidence that the defendant was one of the men mentioned in the redacted confessions and after applying the harmless error rule held that because the other properly admitted evidence against the defendant was weak, the prejudicial effect of the admission of the co-defendant's confession was not insignificant and he was entitled to a new trial.

Here, although the statement in no way implicated Cintron as a participant in the crime, co-defendant Samuel Gladden's statement was redacted by agreement of counsel by replacing all names with the letters A, B, C, D and E. In the redacted statement defendant was designated as "A" and mentioned only one time. However, a review of the evidence presented shows that the jury could have and very likely did conclude that the person designated as "C" in the statement, actually co-defendant Rosado, was Cintron.[1]

---

1. This court, which had not reviewed the statement because it was redacted by agreement, concluded upon hearing the statement read into evidence that "C" was Cintron.

Prior to the reading of Gladden's redacted statement into evidence, Luis Rosado, a co-defendant who pled guilty to third degree murder in return for his testimony, testified that he was in the living room when the victims entered the house, that Heavy D came out of the stairwell with a shotgun, that Cintron came out of the kitchen with a gun, fired it at the victims, that both Cintron and Heavy D went outside and continued to shoot at the victims and that Cintron's gun was a .357 magnum. In his statement, Gladden stated that when the victims entered the house Heavy D came out of the stairwell with a shotgun, that *Rosado* came out of the kitchen with a .357 magnum, shot at the victims through the doorway and that both *Rosado* and Heavy D followed the victims into the street and continued shooting.

Thus, Rosado's account of the incident is virtually identical to that given in Gladden's redacted statement except that Rosado attributed the actions, which Gladden attributed to him, to Cintron. Under these circumstances there can be little doubt that the jury concluded from the statement that the "C" was Cintron.[2] The statement was powerfully incriminating in violation of *Bruton.*

Further, the record shows that this violation of *Bruton* was far from harmless. In addition to Rosado, there were only two witnesses against Cintron. Santa Torres testified at trial, in contradiction to her statement to police, that she didn't see much, explained that she didn't remember what she told police at the time of the incident and that she signed the statement, in which

---

2. The redacted statement was read to the jury by the detective who took it on May 14, 1993 and his testimony was reread to them at their request on May 17, 1993 the day before the verdict.

she said she saw Cintron outside shooting down the street, only because she wanted to go home.[3] The Commonwealth was then permitted to present Norma Torres who testified that shortly after the incident Santa Torres had told her she had seen Cintron outside shooting.

While the properly admitted evidence might have been enough to sustain a guilty verdict, this court cannot know what a jury would have done had it been presented only with the testimony of co-defendant Rosado, a polluted source, Santa Torres, whose testimony contradicted her statement to police, and Norma Torres. In light of the fact that this evidence is far from overwhelming, the prejudicial effect of the introduction of the redacted statement cannot be considered so insignificant that it is clear beyond a reasonable doubt that its admission was harmless error. Accordingly, the averment has arguable merit and trial counsel was ineffective for failing to object to the redaction of the statement.

The record of the ineffectiveness hearing held on June 30, 1994 clearly shows that trial counsel had no reasonable basis for the redaction of Gladden's statement. At that hearing he testified that he did not remember much about the redaction of the statement because it had been redacted by counsel for Gladden and the Commonwealth. There was no reasonable basis for trial counsel's failure to object to the admission of Gladden's redacted statement.

Finally, there can be no question that there is a reasonable possibility that the outcome of the trial would have been different had the statement as redacted not

---

3. Further, evidence at the January 14, 1994 ineffectiveness hearing showed that Santa Torres was angry at Cintron because of a romantic rejection, that trial counsel knew of this prior to trial, but made no use of it at trial.

been admitted. Accordingly, defendant was prejudiced by the admission of the co-defendant's statement and he is entitled to a new trial on this basis.

For the reasons set forth herein defendant's motion for a new trial was granted.