660 A.2d 609

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Eric BROOKS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1995.

Filed June 14, 1995.

Sheryl S. Chernoff, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, following appellant's conviction on one count of murder in the second degree, one count of aggravated assault, six counts of robbery, two counts of criminal conspiracy and two counts of possession of an instrument of crime. On January 25, 1991, appellant and his co-defendants robbed a Thriftway grocery store, during which a cashier was murdered when he could not open a

cash register. Appellant gave the order to kill the victim. Two weeks later, on February 8, 1991, appellant and two of his co-defendants robbed a Roy Rogers fast food restaurant, during which the manager of the restaurant was shot by appellant. Appellant was found guilty after his bench trial and was then sentenced to life imprisonment for his murder conviction.[1] Upon review, we affirm.

Herein, appellant raises the following questions for our consideration:

1. Was trial counsel ineffective for failing to file a motion to sever the charges relating to the Thriftway robbery and murder from the Roy Rogers robbery and aggravated assault, where the details of the two crimes were not sufficiently similar so as to render the evidence relating to each incident admissible in a separate trial for the other, and where appellant has been unfairly prejudiced by the consolidation of the offenses?

2. Was trial counsel ineffective for failing to object to the use at trial of the redacted statements of appellant's co-defendants, where statements could not be redacted sufficiently to avoid a violation of the *Bruton* rule, and where such violation prejudiced the defendant?

3. Was trial counsel ineffective for failing to file a motion to sever the charges against appellant from those of his co-defendants where appellant was prejudiced by the introduction of the co-defendants' redacted statements during the joint trial?

The record, when viewed in a light most favorable to the Commonwealth, reveals that on January 25, 1991, appellant, James Rivers, Roy Johnson, Ronald Taylor, Jeffery Giddings and Truman Jenkins decided to rob the Thriftway Shopping Center at Third and Lehigh Streets in Philadelphia. Upon arrival, Johnson and Rivers entered the pharmacy which was

1. Appellant also received consecutive sentences of five to twenty years for two of the six robbery convictions and five to ten years for the aggravated assault. In addition, appellant received concurrent sentences for his two criminal conspiracy and two possession of an instrument of crime convictions.

located on one side of the supermarket, and Johnson, brandishing a firearm, demanded cash from the register. After obtaining the money, Rivers handcuffed the clerk and forced her to the floor.

At the same time, appellant, Taylor, Giddings and Jenkins entered the delicatessen area of the supermarket. Appellant and Giddings, with their guns drawn, approached the register and demanded money from the cashier, Carmen Feliciano. The cashier could not open the register, and when Lawrence Hollerway, another store employee, entered the area, he was seized by appellant. Appellant then told Feliciano and Hollerway that Hollerway would be shot if the cash register was not opened. When Hollerway was not able to open the register, appellant shouted, "Shoot him. Shoot him." Giddings then said, "Well die" and shot the victim in the abdomen, fatally wounding Hollerway. The robbers then fled, and, later, they met to divide the proceeds from the robbery. The events which took place in the delicatessen section of the supermarket were video-taped by a store surveillance camera.

Two weeks later, on February 8, 1991, appellant, Johnson, Rivers and two other men robbed a Roy Rogers restaurant on Broad Street in Philadelphia. While Rivers robbed the customers, Johnson jumped over the counter, forced the manager into the back room of the restaurant and ordered him to open the safe. During the robbery, Johnson asked the manager, "Did you hear about Third and Lehigh?", and warned that the same thing would happen to him if he did not open the safe. When the manager was unable to open the safe, Johnson shot him in the chest. The manager was again attempting to open the safe when appellant and Rivers entered the room. After he was still unable to gain entry, appellant, Johnson and Rivers all shot him. Appellant and his partners-in-crime then took $80.00 from the manager's wallet and the money from the cash registers and fled. The manager, despite being shot four times, survived his injuries.

Four days later, on February 12, 1991, Johnson brought his .380 Baretta pistol and two loaded clips to David Green for disposal. However, Green gave the handgun to the police.

Ballistic testing established that the gun had been fired during both the Thriftway and Roy Rogers robberies.

Upon his arrest, appellant confessed to participating in the Thriftway robbery and murder. At trial, the video tape of the Thriftway robbery and murder were shown, and two eyewitnesses testified concerning appellant's participation in the events. The eyewitnesses versions corresponded to the video taped images. Also, the shooting victim from the Roy Rogers robbery, as well as another eyewitness, identified appellant as the man who announced the robbery and as one of the men who shot the victim. Appellant was then convicted of, *inter alia*, one count of murder, one count of aggravated assault and two counts of robbery.

The standard to be applied when counsel's stewardship is attacked is well known: "The ineffectiveness of counsel is found where there is merit to the underlying claim, the course chosen by counsel does not have a reasonable basis, and the defendant shows prejudice." *Commonwealth v. Graham*, 522 Pa. 115, 118, 560 A.2d 129, 130 (1989); *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). Therefore, when reviewing appellant's first assertion of error, we must determine whether there is arguable merit to appellant's claim that the charges relating to the events at the Thriftway supermarket should have been severed from those at the Roy Rogers restaurant.

In *Commonwealth v. Newman*, 528 Pa. 393, 598 A.2d 275 (1991), our Supreme Court set forth the law regarding consolidation of separate indictments for trial:

> Whether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant. *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988)....

\* \* \* \* \* \*

Rule 1127 of the Pennsylvania Rules of Criminal Procedure provides in relevant part as follows:

## A. Standards

(1) Offenses charged in a separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Rule 1128 provides that "[T]he court may order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 1128. Thus, where a defendant moves for severance of two or more indictments not based on the same act or transaction, the court must determine whether evidence of the distinct offenses would be admissible in a separate trial for the other; whether such evidence can be easily separated by the jury so as to avoid confusion; and whether the defendant will be unduly prejudiced by the consolidation. *Lark*, 518 Pa. at 302, 543 A.2d at 497.

Rule 1127 A(1)(a) was adopted December 11, 1981, in direct response to this Court's decision in *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981). In *Morris*, we held that indictments may be consolidated where the separate offenses show the unusual or distinctive *modus operandi* of the defendant. *Id.*, at 176, 425 A.2d at 720. In arriving at this standard, we weighed the possibility of prejudice to the defendant and/or the injustice caused by the consolidation against the consideration of judicial economy. In seeking consolidation of the indictments, the Commonwealth is required to show more than the crimes are of the same class. Rather, it must show that a high correlation in the details of the crimes exists such that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the other. *Morris*, 493 Pa. at 176, 425 A.2d at 721.

As this Court noted in *Morris,* evidence of a distinct crime is inadmissible solely to show a defendant's propensity to commit a crime. *Morris, Id.* at 175, 425 A.2d at 720. Evidence of other crimes is, however, admissible for certain purposes if the probative weight of the evidence outweighs any possible prejudice to the jury. *Commonwealth v. Claypool,* 508 Pa. 198, 495 A.2d 176 (1985). Accordingly, evidence of other crimes may be introduced for the limited purposes of showing (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial. *Lark,* 518 Pa. at 303, 543 A.2d at 497.

*Newman,* 528 Pa. 393, 598 A.2d 275, 598 A.2d at 277–278; *see also, Commonwealth v. Murphy,* 418 Pa.Super. 140, 151–158, 613 A.2d 1215, 1221–1224 (1992), allocatur denied 533 Pa. 658, 625 A.2d 1192 (1993).

 Here, it is clear that each robbery would have been admissible in a trial for the other. Indeed, Johnson, one of appellant's co-defendants, referred to the earlier robbery while threatening the manager of the Roy Rogers restaurant. The robberies were committed within a two week period, and both were committed between the hours of 6:00 p.m. and 8:00 p.m., on a Friday evening. The Thriftway and Roy Rogers were located in the same neighborhood, approximately nine blocks apart. Both robberies involved essentially the same group of men who were armed with handguns. During both robberies, a similar *modus operandi* was employed, whereby one or more co-conspirators would go behind the business' counter and threaten to kill an employee unless that employee opened the cash register or safe, while the other men robbed the customers. In both robberies, an employee was shot when he was unable to open the cash register or safe. At least one of the handguns used in both robberies was the same. Accordingly, we find it was not an abuse of discretion to try these separate indictments together. *Cf., Claypool, supra,* 508 Pa. 198, 495 A.2d 176 (where defendant exploits prior criminal

acts to intimidate victim, those prior acts are admissible in trial for subsequent crime); *Commonwealth v. Rush,* 538 Pa. 104, 646 A.2d 557, 560–561 (1994) (evidence admissible where common scheme is used to commit crime); *Commonwealth v. Reid,* 533 Pa. 508, 626 A.2d 118 (1993) (evidence the defendant committed unrelated murder admissible to prove subsequent murder where empty shell casings found at both murder scenes were fired by the same gun).[2]

■ Moreover, appellant's trial was held before a judge, sitting without a jury. Appellant has offered no basis for us to conclude that the judge could not keep separate the facts of the two incidents so as to avoid both confusion and prejudice. *See, Commonwealth v. Gonzales,* 415 Pa.Super. 564, 609 A.2d 1368 (1992); *Commonwealth v. Lavelle,* 382 Pa.Super. 356, 555 A.2d 218 (1989), *allocatur denied,* 524 Pa. 595, 568 A.2d 1246 (1989). Thus, appellant has failed to demonstrate that he was prejudiced by the consolidation of the indictments. *Newman, supra,* 528 Pa. 393, 598 A.2d 275; *Lark, supra,* 518 Pa. 290, 543 A.2d 491.

■ Appellant was convicted on the basis of overwhelming evidence, including his own confession, a video tape of him committing the Thriftway robbery and testimony of the manager of the Roy Rogers whom appellant shot. *See, Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603 (1993), *cert. denied* — U.S. ——, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994) (counsel not ineffective for failing to object to evidence of other crimes, where properly admitted evidence was overwhelming). Appellant was not convicted of on a mere showing of his "propensity to commit crime." *Newman, supra,* 528 Pa. 393, 598 A.2d 275. Since the issue underlying appellant's first assertion of error is without merit, counsel cannot be held ineffective for failing to raise this issue. *Graham, supra,* 522 Pa. 115, 560 A.2d 129; *Durst, supra,* 522 Pa. 2, 559 A.2d 504.

---

2. We note that two of appellant's co-defendants raised this same issue in their appeals, and, consistent with our decision herein, we found that it was not error to try the two sets of separate indictments at one time. *Commonwealth v. Rivers,* No. 3689 Philadelphia 1992, and *Commonwealth v. Johnson,* No. 3577 Philadelphia 1992 (filed January 28, 1994), slip op. at 6–9.

Next, we will address appellant's interrelated, second and third allegations of error. Appellant claims that trial counsel was ineffective for failing to object to the use at trial of the redacted statements of his co-defendants, where the statements could not be redacted sufficiently to avoid a violation of *Bruton v. United States,* 391 U.S. 123, 126, 88 S.Ct. 1620, 1622, 20 L.Ed.2d 476, 479 (1968). In a related claim, appellant asserts that trial counsel was ineffective for failing to move to sever his trial from that of his co-defendants because use of their redacted statements at trial unduly prejudiced his case. Accordingly, in assessing counsel's stewardship, we must determine whether there is merit to appellant's claim that he was prejudiced by the admission of his co-defendant's redacted statements.

■ The potential prejudice to a defendant from the use of a non-testifying co-conspirators' statements must be balanced against the demands of judicial economy and desire for verdict consistency. *Commonwealth v. Oliver,* 431 Pa.Super. 1, 5, 635 A.2d 1042, 1044 (1993), citing *Commonwealth v. Wharton,* 530 Pa. 127, 142 and n. 5, 607 A.2d 710, 718 and n. 5 (1992), citing *Richardson v. Marsh,* 481 U.S. 200, 210, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176, 187 (1987). As stated in *Oliver, supra:*

Until the late 1960's, courts routinely allowed the admission of non-testifying co-defendants' statements, and held that all prejudice could be cured by a simple limiting instruction that the jury only consider each confession against its author, and not the other co-defendants who were implicated by name. The U.S. Supreme Court declared this practice unconstitutional in *Bruton v. United States.* The response has been to employ another fiction: redaction of co-defendants' statements so as to eliminate all references to an accused by name. This practice of substituting pronouns or "other person" for specific names has been approved by our courts. *See Commonwealth v. Johnson,* 474 Pa. 410, 378 A.2d 859 (1977). Redacting testimony is not a magic curative elixir, but still requires a court to balance the potential prejudice to the defendant against the probative value of the evidence, the possibility of minimizing

prejudice, and the benefits to the criminal justice system of conducting joint trials. Redacted testimony may still violate the *Bruton* rule if it is "powerfully incriminating" and lends " 'substantial, perhaps critical weight' to the prosecution's case." *Commonwealth v. Rawls,* 276 Pa.Super. 89, 97, 419 A.2d 109, 113 (1980).

*Oliver,* 431 Pa.Super. 6, 635 A.2d at 1044–1045; *see also, Wharton, supra,* 530 Pa. 127, 607 A.2d 710.

■ Appellant contends that the redacted confessions of his co-defendants clearly implicated him in the robberies, and that the judge could easily "fill in the blanks in the redacted testimony and thus could not help but use the testimony in assessing [his] guilt." *Oliver,* 431 Pa.Super. 8, 635 A.2d at 1045; *see also, Wharton,* 530 Pa. 143, 607 A.2d at 718. Unfortunately for appellant, as previously stated, we find that the evidence against him which was wholly unrelated to the redacted confessions was overwhelming, and, thus, appellant was not prejudiced in a manner which would warrant separate trials. *Cf., Commonwealth v. Bond,* 539 Pa. 299, 312–313, 652 A.2d 308, 313–314 (1995) (where evidence of defendant's guilt, including defendant's own confession, is overwhelming, prejudice from redacted portions of co-defendant's confession was minimal and did not warrant new trial); *Wharton, supra,* 530 Pa. 127, 607 A.2d 710 (while acknowledging a possible violation of the *Bruton* rule, court held that any violation was harmless in light of overwhelming evidence of defendant's guilt).[3] Since counsel cannot be held ineffective for failing to raise meritless claims, we find that counsel was not ineffective for failing to object to the admission of the redacted confessions and for failing to move for a severance.

Judgment of sentence affirmed.

---

[3]. Moreover, appellant was tried by a judge, not a jury, and, therefore, the problems associated with a jury's improper use of a redacted confession which were addressed in *Bruton, supra,* 391 U.S. 123, 88 S.Ct. 1620, are not present in this case.