J-S26022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REBECCA ANN BUTLER | |
| Appellant | No. 1156 MDA 2014 |

Appeal from the Judgment of Sentence of June 6, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0001829-2013

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:            **FILED JULY 06, 2015**

Rebecca Ann Butler appeals from the judgment of sentence entered following her jury conviction of two counts of endangering the welfare of children and two counts of conspiracy to commit corruption of minors.[1] We affirm.

On April 26, 2013, Butler was charged with the above counts for enacting a scheme to allow Andre Vancliff[2] to have sexual contact with Butler's two daughters, who were seven and eleven years old at the time. On September 21, 2012, Butler signed a written statement admitting her participation in the crime, and in August 2013, the Commonwealth informed

---

[1]    ***See*** 18 Pa.C.S.A. § 4304(a)(1); 18 Pa.C.S.A. § 903 (premised upon 18 Pa.C.S.A. § 6301(a)(1)(iii)).

[2]    Vancliff is a life-without-parole inmate at SCI Retreat.

Butler that her trial would be joined with that of Vancliff. On February 24, 2014, at the commencement of the pretrial suppression hearing, the Commonwealth entered an oral motion to sever the two prosecutions because "it had discovered a ***Bruton***[3] issue upon a closer review of the case." Trial Court Opinion ("T.C.O."), 9/2/2014, at 3. The trial court granted the motion, and trial proceeded against Butler.

Butler was subsequently found guilty of the above-mentioned counts,[4] and, on June 6, 2014, was sentenced to a term of incarceration of forty-two to one-hundred twenty months' incarceration. Butler timely filed post-sentence motions, which the trial court denied on June 18, 2014. On July 9, 2014, Butler timely appealed to this Court. The same day, the trial court ordered Butler to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Butler complied on July 29, 2014. On September 2, 2014, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

---

[3] ***Bruton v. United States***, 391 U.S. 123 (1968) (holding that a non-testifying codefendant's confession naming the other defendant cannot be admissible against the defendant as it violates his rights under the Confrontation Clause of the Sixth Amendment to the United States constitution).

[4] After their cases were severed, on July 21, 2014, Vancliff entered a plea of *nolo contendere* to one count of conspiracy to commit corruption of minors.

Butler raises one question for our review: "Whether the trial [court] erred or abused [its] discretion by hearing and subsequently granting the Commonwealth's oral motion to sever trial on the same day that jury selection was to begin despite the untimely request and lack of cause either proffered or shown as required by Pa.R.Crim.P. Rule 579(a)[?]" Butler's Brief at 6.

Specifically, Butler argues that "Pa.R.Crim.P 579 requires that the proponent of late-filed motions show 'cause' as to why the motion is being filed late," and that Butler was prejudiced by the grant of severance in her trial when "[t]he Commonwealth offered no such reasons beyond what is tantamount to ignorance of the law." *Id.* at 11. We disagree.

Our standard of review is well-settled:

The decision whether to grant a motion for severance is within the sound discretion of the trial court and will not be overturned absent a manifest abuse of discretion. The defendant bears the burden of proving that he was prejudiced by the decision not to sever, and he must show real potential for prejudice rather than mere speculation. The probability of antagonistic defenses is a factor that trial courts should consider in deciding whether to grant severance, but the claim must be more than bare antagonism. However, when defendants have conflicting versions of what took place, the truth may be more easily determined if all are tried together. When conspiracy is charged, joint trials are advisable.

*Commonwealth v. Rivera*, 773 A.2d 131, 137 (Pa. 2001) (citations omitted).

In the instant case, the Commonwealth requested that Butler and Vancliff's trials be severed because of the *Bruton* issue implicated by

admission of Butler's written statement. Specifically, the Commonwealth wished to admit Butler's written statement to the police which implicated Vancliff. Pursuant to ***Bruton***, the inculpating statement would have violated Vancliff's right to confrontation if Butler declined to testify in a joint trial. Butler's statement includes the following:

> Andre Vancliff . . . in time revealed to me that he was a "pimp" and I wasn't sure how that could occur if he was in jail. . . . I truly thought he was sincere in coming home and being a "husband" and father to my children. He took advantage of my past abuse . . . and told me he wanted the girls [J.] and [M.], to learn to love him first before growing up and getting hurt by strangers and that if they loved him they wouldn't go out and get pregnant or raped. . . . Eventually he asked about teaching the girls to learn how to masturbate so that if they learned how to love themselves first they wouldn't seek sexual fulfillment and get hurt. I understood his rationale so to speak and asked [M.] and [J.] what they knew about boys and girls and they already knew from friends at school what happens so I let it go . . . . I had started to pull away from [Vancliff be]cause he wanted me to "teach" the girls how to love him and when he found out [M.] was reading Fifty Shades of Gray he became more possessive and more controlling about the girls so I was trying to break it off but he told me many times that if I left him he would find me and end my life for taking me and the girls from him. . . . He had asked me to send pictures of the girls in scanty undies. The girls didn't want to do that stuff. I sent [J.]'s picture of her sitting in a dress with undies showing and I sent pictures of the girls and my boys and his family. [Vancliff] is very coercive and for love, me and my girls eventually would've done anything for his love, including what he asked. He needs to be stopped from hurting other women and children.

Statement, 9/21/2012, at 1-5.

The Commonwealth orally moved to sever the trial at argument on pretrial motions on February 24, 2014. Vancliff did not object to severance.

Butler, however, argued in favor of redaction of the statement in lieu of severance, as follows:

> [Counsel for Butler]:   Your Honor, we do have opposition to this.  First, as I know we will discuss with the suppression issue, it is filed untimely.   The statement that the Commonwealth is referring to did get delivered to us, and obviously the Commonwealth had it in a timely fashion way back when discovery was in the first wave of discovery, so they had the opportunity to do this.  And, in fact, they could have, under the rules, filed a motion to sever in the omnibus time period which was roughly the time when discovery was produced, so they could have done it then.  My other concern is prejudice to my client, Your Honor.
>
> The Court:  How is your client prejudiced?
>
> [Counsel for Butler]:    It greatly changes our trial strategy.  The conversation from the DA went out to co-defendant's counsel roughly a week and-a-half ago, and that was really just a general statement by [counsel for Vancliff].   I did not find out about it until [counsel for Vancliff] and I were talking because we passed in the hallway this past Friday.  It was on Saturday that the ADA confirmed it to me.  So here I am, 48 hours before trial, and I don't know what direction I'm going through here.
>
> ***Bruton*** is a very large issue in this trial.  It determines whether or not the statement comes in on its own perhaps, because it cannot come in against my client if she chooses not to testify.  And so—
>
> The Court: Explain that to me.  A statement given by your client to police.  If the suppression motion you filed today is not granted, how does that statement not come in against your client?
>
> [Counsel for Butler]:   The only inculpatory parts of that statement are not about her actions but about Mr. Vancliff's actions.  Everything else within the statement is not inculpatory.   So the portions that we're concerned about that do appear to be admissions of state of mind of my client, in fact, are statements against Mr. Vancliff.  So

- 5 -

if those statements get in and she does not testify, of course, ***Bruton***'s going to keep those out.

I would love to take the statement exactly as is, take out the offending statements and boom, we're done, with my suppression.

[The Commonwealth]: Judge, obviously that's going to be up to the Court to decide. It's our position that the entire statement, other than depending on the pretrial motions regarding mental state, that there are other statements in there that, in fact, implicate [Butler].

The Court: Anything else?

[Counsel for Butler]: No, sir.

The Court: I'm going to grant the Commonwealth's motion to sever these cases. I feel the ***Bruton*** issue is an overwhelming reason to sever these cases, and the court cases clearly say that I have that discretion as the trial judge.

N.T. Pretrial Motions, 2/24/2014, at 2-5.

We have long held that:

[A] co-defendant's confession, which inculpates the [other] defendant, cannot be used as evidence against the defendant. ***Bruton***, ***supra***; ***Commonwealth v. Witherspoon***, 392 A.2d 1313 (Pa. 1978); ***Commonwealth v. Johnson***, 323 A.2d 813 (Pa. Super. 1974). As an appropriate method of protecting a defendant's right to confront adverse witnesses, the Supreme Court has approved the practice of redaction, in which all testimonial references to persons other than the declarant are deleted. ***Commonwealth v. Johnson***, 378 A.2d 859 (Pa. 1977); ***cf. Bruton***, 391 U.S. at 134 n.10; ***Commonwealth v. Guess***, 404 A.2d 1330 (Pa. Super. 1979). We have also recognized, however, that redaction is not always effective in relieving prejudice to the accused and that other remedies may be required.

***Commonwealth v. Norman***, 415 A.2d 898, 901 (Pa. Super. 1979)

(citations formatted). ***See also Bruton***, 391 U.S. at 126, 128-29; ***see id.***

- 6 -

at 135 ("[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.").

In general, our courts have approved of redaction as a way to admit a co-defendant's statement. "If a confession can be edited so that it retains its narrative integrity and yet in no way refers to defendant, then use of it does not violate the principles of **Bruton**." **Commonwealth v. Johnson**, 378 A.2d 859, 860 (Pa. 1977). "[S]ubstantial deference must be afforded to the trial court in this regard." **Commonwealth v. Wharton**, 607 A.2d 710, 716 (Pa. 1992).

"In all cases in which two or more persons are jointly indicted for any offense, it shall be in the discretion of the court to try them jointly or severally[.]" **Commonwealth v. Stukes**, 257 A.2d 828, 833 (Pa. 1969). **Commonwealth v. Markman**, 916 A.2d 586, 604 (Pa. 2007) (holding that trial court violated **Bruton** rule by admitting statement with codefendant's name redacted in joint trial). "Separate trials of co-defendants should be granted only where the defenses of each are antagonistic to the point where such individual differences are irreconcilable and a joint trial would result in prejudice." **Commonwealth v. Lambert**, 603 A.2d 568, 573 (Pa. 1992); **see, e.g.**, **Commonwealth v. Boykin**, 460 A.2d 1101, 1102 (Pa. 1983) (remanding for new trial for failure to grant untimely motion to sever because there was "no potential benefit to be derived from a trial

consolidating the remaining charges against appellant with the full list of charges against his co-defendants").

In the instant case, it is clear that redaction would have been inadequate to permit admission of Butler's statement. ***See Johnson***, 378 A.2d at 860. If Butler and Vancliff were to be tried jointly, the jury would easily conclude that any mention of Butler's anonymous codefendant could be Vancliff and no one else. Furthermore, the statement exclusively discusses Butler's relationship with Vancliff. Vancliff's name could not be redacted from the statement in such a way that it would "retain[] its narrative integrity and yet in no way refer[] to [Vancliff]." ***Johnson***, 378 A.2d at 860. It would be too great a test of the jury's human limitations to believe that redaction or instructions could overcome the ***Bruton*** issue presented by Butler's statement. ***See Bruton***, 391 U.S. at 135. Accordingly, the trial court did not err in denying Butler's motion to redact the statement in lieu of severance.

Nonetheless, Butler argues that she was prejudiced by severance because, if she had been tried jointly with Vancliffe, she believes that the statement would not have been admitted at all. ***See*** Butler's Brief at 20. This is incorrect. In the context of a ***Bruton*** issue, the paramount concern is the confrontation rights of the subject of the statement, not the declarant—here, Vancliff's confrontation rights, not Butler. Furthermore, redaction and severance are the solutions identified to rectify that concern, ***Norman***, 415 A.2d at 901, and Butler cites no case law to the contrary.

- 8 -

Butler argues that she is prejudiced for not having been offered a third route: full suppression of her written statement from admission against Butler, the declarant, as well. **See** Butler's Brief at 20-21. However, Butler does not aver that her statement was obtained in violation of her constitutional rights, any other Pennsylvania statute or rule, or that the police used an improper method to obtain the statement in question. **See Commonwealth v. Simmons**, 56 A.3d 1280, 1286 (Pa. Super. 2012) (holding that bald statements unsupported by law are waived under Pa.R.A.P. 2119(a)). Therefore, her argument that she was unprepared for its admission against her is not persuasive.

Nonetheless, Butler argues that the trial court erred in granting the motion to sever the cases because the Commonwealth's motion was untimely filed pursuant to Pa.R.Crim.P 579. Rule 579 provides, in relevant part:

> **Rule 579. Time for Omnibus Pretrial Motion and Service**
>
> (A) Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

> Under Pennsylvania Rule of Criminal Procedure 578, unless otherwise required in the interests of justice, all pretrial requests, including a request for suppression of evidence, must be included in one omnibus pretrial motion. **See** Pa.R.Crim.P.

- 9 -

578, *Comment*. Rule 579 states that an omnibus pre-trial motion must be filed within 30 days of arraignment. The only exceptions to this rule are: (1) the opportunity to do so did not exist, (2) the defendant or defense counsel was unaware of the grounds for the motion, or (3) the time for filing was extended by the court for good cause shown. *See* Pa.R.Crim.P. 579(A).

***Commonwealth v. Borovichka***, 18 A.3d 1242, 1248 (Pa. Super. 2011).

Furthermore, the comment to Rule 578 provides:

The omnibus pretrial motion rule is **not intended to limit other types of motions, oral or written, made pretrial or during trial**, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters. The earliest feasible submissions and rulings on such motions are encouraged.

Pa.R.Crim.P. 578, Comment (emphasis added).

Thus, the timing of omnibus pretrial motions does not preclude oral, pretrial motions such as the pretrial motion to sever at issue here. Moreover, the cases cited by Butler are unpersuasive on this point. In ***Commonwealth v. Baez***, 21 A.3d 1280 (Pa. Super. 2011), the court permitted the defendant to file a written omnibus pretrial motion several months late. *See* Butler's Brief at 14-15. Similarly, in ***Borovichka***, 18 A.3d at 1248, the court permitted the defendant to file an untimely pretrial motion. *See* Butler's Brief at 15. Butler cites no authority that would preclude the Commonwealth from orally moving to sever trial at the suppression hearing. *See **Simmons***, 56 A.3d at 1286. Accordingly, the trial court acted within its discretion when granting the motion. ***Rivera***, 773 A.2d at 137. Butler's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015