**[J-19-2024] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 92 MAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court dated June 14, 2021 |
| | : | at No. 3302 EDA 2019 Affirming the |
| v. | : | Judgment of Sentence of the |
| | : | Montgomery County Court of |
| | : | Common Pleas, Criminal Division, |
| LISA SMITH, | : | dated July 31, 2019 at No. CP-46- |
| | : | CR-0001628-2018. |
| Appellant | : | |
| | : | ARGUED: September 13, 2022 |
| | : | |
| | : | RESUBMITTED: January 31, 2024 |

**CONCURRING OPINION**

**JUSTICE WECHT**                                  **DECIDED: October 24, 2024**

I agree with the Majority that Lisa Smith's conviction should be affirmed. She argues that, because her co-defendant's confession was not redacted to remove all trace of her involvement—innocuous or otherwise—in the events that led to the victim's death, her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution[1] were violated by the admission of the statement. Smith's understanding of the cases upon which she relies for that proposition[2] can no longer be squared with the principle for which she cites them, if they ever could have been. In *Samia v. United*

---

[1]    *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.").

[2]    *See Commonwealth v. Rainey*, 928 A.2d 215 (Pa. 2007); *Commonwealth v. Johnson*, 378 A.2d 859 (Pa. 1977); *see also* Maj. Op. at 17-18 (reviewing *Rainey* and *Johnson*).

*States*,[3] the United States Supreme Court's most recent Confrontation Clause decision pertaining to the admission of out-of-court statements made by non-testifying co-defendants,[4] the Court made crystal clear that the Sixth Amendment right to confrontation does not require the complete elimination of any reference to a co-defendant in such a statement. Rather, what must be eliminated is any reference in such a statement that incriminates the co-defendant directly. The statement in this case did no such thing. On its face, the statement is, in fact, most compatible with Smith's co-defendant's sole responsibility for the victim's death.

Because the statement was also compatible with other trial evidence tending to show that Smith participated in the severe abuse that led to the victim's death, it is likely true that the statement inculpated her when viewed in the context of all the evidence at trial. But under the Court's long-standing precedent on the matter, that alone is not enough. Rather, the statement must *directly* implicate the co-defendant. While some degree of inferential connection may be sufficient to generate such an implication,[5] a statement does not violate the Sixth Amendment when it is only rendered incriminating in the light cast by remote trial evidence.[6] As the Court observed in *Samia*, "all evidence

---

[3]      599 U.S. 635 (2023).

[4]      It is fair to mark the beginning of modern jurisprudence on this subject as the Court's decision in *Bruton v. United States*, 391 U.S. 123 (1968). I provide my account of *Bruton* and its most notable progeny, *Richardson v. Marsh*, 481 U.S. 200 (1987), and *Gray v. Maryland*, 523 U.S. 185 (1998), in my Concurring Opinion in *Commonwealth v. Jones*, ___ A.3d ___ (Pa. 2024), Slip Op. at 1-10.

[5]      *See Gray*, 523 U.S. at 195 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 591 (1966) (Fortas, J., dissenting)) ("[I]nference pure and simple cannot make the critical difference, for if it did, then *Richardson* would also place outside *Bruton*'s scope confessions that use shortened first names, nicknames, [and] descriptions as unique as the 'red-haired, bearded, one-eyed man-with a-limp . . . .'").

[6]      *See Richardson*, 481 U.S. at 208-09 ("[E]vidence requiring linkage," *i.e.*, 'contextual inference,' "differs from evidence incriminating on its face in the practical (continued…)

that supports the prosecution's theory of the case is, to some extent, mutually reinforcing."[7]

In my Concurring Opinion to this Court's parallel decision in *Commonwealth v. Jones*, I have expressed reservations about the United States Supreme Court's decision in *Samia* and its compatibility with that Court's earlier case law on the subject.[8] I also have opined that, because *Samia* harmonized and distinguished the Court's earlier case law rather than reversing or abrogating it, space must be carved out for those earlier cases' application in cases they most resemble.[9] Hence, I argue against adopting an interpretation of *Samia* so strict that it impliedly wipes those earlier cases from the books, a view incompatible with my own sense of the post-*Samia* state of the law as reflected in *Samia* itself.[10] My reservations in that regard extend to the Majority's similar reading of *Samia* reflected in its decision in this case.

But Smith has failed to demonstrate a Confrontation Clause violation under any tenable reading of the Court's Sixth Amendment jurisprudence as it now presents itself, or indeed even before *Samia*. Taken on its own and in light of the evidence that preceded it, the statement here simply does not directly implicate Smith in abusing the victim. Indeed, although it puts Smith in the vicinity of the abuse, one could credibly argue that the statement as presented to the jury here distances Smith from her co-defendant's

---

effects which application of the *Bruton* exception would produce. If limited to facially incriminating confessions, *Bruton* can be complied with by redaction—a possibility suggested in that opinion itself. If extended to confessions incriminating by connection, not only is that not possible, but it is not even possible to predict the admissibility of a confession in advance of trial." (citation omitted)).

7       *Samia*, 599 U.S. at 654.

8       *See Jones*, ___ A.3d at ___, Slip Op. at 14 (Wecht, J., concurring).

9       *See id*. at ___, Slip Op. at 14-15 (Wecht, J., concurring).

10      *See id*., Slip Op. at 14-15 (Wecht, J., concurring).

account of the abuse enough that this case more resembles *Richardson*, where the defendant's own testimony inserted her into the challenged statement by implication, than it resembles any other precedent.

For these reasons, I concur in the result reached by the Majority.

Justice McCaffery joins this concurring opinion.