J-S36033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY BROWN | : | |
| | : | |
| Appellant | : | No. 2210 EDA 2017 |

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003340-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 25, 2018**

Appellant, Jeremy Brown, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. After a joint bench trial with a co-defendant on September 3, 2014, the court convicted Appellant of aggravated assault, conspiracy to commit aggravated assault, conspiracy to commit robbery, firearms not to be carried without a license, possession of a firearm prohibited, and carrying firearms in public in Philadelphia.  The court imposed an aggregate sentence of 7 to 14 years' incarceration on November 6, 2014.  On January 13, 2016, this Court affirmed; our Supreme Court denied allowance of appeal on June 8, 2016.

On November 17, 2016, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed PCRA counsel on December 13, 2016, and PCRA counsel filed a motion to withdraw as counsel on February 7, 2017. The PCRA court granted counsel's motion to withdraw on March 1, 2017, and appointed new PCRA counsel. On April 23, 2017, new PCRA counsel filed a **Turner/Finley**[1] letter and a request to withdraw as counsel. On April 24, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907. The PCRA court dismissed Appellant's PCRA petition on June 1, 2017, and permitted new PCRA counsel to withdraw.

Appellant timely filed a *pro se* notice of appeal and request for appellate counsel on June 26, 2017. The PCRA court appointed appellate counsel on July 20, 2017, and ordered Appellant on September 27, 2017, to file a concise statement of errors complained of on appeal, per PA.R.A.P. 1925(b). On October 9, 2017, appellate counsel filed a Rule 1925(c)(4) statement. Appellate counsel filed with this Court a petition to withdraw representation and a brief, designated as a brief under **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on January 9, 2018.

Before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner/Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988).

> …***Turner/Finley*** counsel must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). Withdrawal as counsel in this context also includes certain notice requirements: Counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter with a statement advising Appellant that he has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel within 30 days. ***Commonwealth v. Muzzy***, 141 A.3d 509 (Pa.Super. 2016). To withdraw, counsel must assure this Court of counsel's compliance with these technical requirements. ***Id.***

Instantly, counsel submitted a ***Turner/Finley*** brief on appeal (even though counsel designated it as an ***Anders*** brief) and a petition to withdraw as counsel.[2] Both the brief and counsel's petition to withdraw demonstrate he has made a conscientious examination of the record in this case and

---

[2] In the context of a PCRA petition and request to withdraw, the appropriate filing is a "no-merit" letter/brief. ***See Turner, supra***; ***Finley, supra***. ***But see Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept ***Anders*** brief in *lieu* of ***Turner***/***Finley*** letter, where PCRA counsel seeks to withdraw on PCRA appeal). Instantly, counsel incorrectly designated the brief filed on appeal as an ***Anders*** brief. Although it has some attributes of an ***Anders*** brief, we will treat it as a ***Turner***/***Finley*** brief.

determined the appeal is totally frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the **Turner/Finley** requirements, notwithstanding the designation on the appellate brief. **See Karanicolas, supra**. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous). Appellant has not responded to counsel's petition.

Appellant raises one issue in the **Turner/Finley** brief:

> DID THE PCRA COURT ERR WHEN IT DISMISSED [APPELLANT]'S PCRA PETITION WITHOUT A HEARING AS NOT RAISING A MERITORIOUS CLAIM UNDER THE PCRA?

(**Turner/Finley** Brief at 5).

Appellant argues trial counsel was ineffective for several reasons. First, Appellant alleges trial counsel failed to preserve claims challenging the weight of the evidence and caused them to be waived on direct appeal. Second, Appellant contends trial counsel failed to object to the use of his co-defendant's out-of-court statement during the joint trial. Finally, Appellant generally asserts trial counsel failed to raise claims of "governmental obstruction" and "prosecutorial misconduct." Appellant concludes he might be entitled to some PCRA relief. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong

of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the

- 6 -

witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

"Under the Confrontation Clause of the Sixth Amendment, a criminal defendant has a right to confront witnesses against him." *Commonwealth v. Rivera*, 565 Pa. 289, 299, 773 A.2d 131, 137 (2001), *cert. denied*, 535 U.S. 955, 122 S.Ct. 1360, 152 L.Ed.2d 355 (2002). A defendant is deprived of his rights under the Sixth Amendment when his non-testifying co-defendant's facially incriminating confession is introduced at their joint trial, even if the jury is instructed that the confession is to be considered only against the confessing co-defendant. *Id.* Nevertheless, "[i]f a confession can be edited so that it retains its narrative integrity and yet in no way refers to [the non-confessing] defendant, then use of it does not violate the principles of *Bruton* [*v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)]." *Commonwealth v. Travers*, 564 Pa. 362, 368, 768 A.2d 845, 848 (2001) (quoting *Commonwealth v. Johnson*, 474 Pa. 410, 412, 378 A.2d 859, 860

- 7 -

(1977)). In ***Travers***, our Supreme Court held that the redaction of a non-testifying co-defendant's confession in a joint trial, which replaces any direct reference to the non-confessing co-defendant with a neutral pronoun, when accompanied by an appropriate cautionary charge, sufficiently protects the non-confessing defendant's Sixth Amendment rights.[3] ***Id.*** at 372-73, 768 A.2d at 851.

Our standard of review for a claim of prosecutorial misconduct is limited to "whether the trial court abused its discretion." ***Commonwealth v. DeJesus***, 567 Pa. 415, 438, 787 A.2d 394, 407 (2001), *cert. denied*, 537 U.S. 1028, 123 S.Ct. 580, 154 L.Ed.2d 441 (2002).

> In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.
>
> Not every unwise remark on a prosecutor's part constitutes reversible error. Indeed, the test is a relatively stringent one. Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [Appellant] so that they could not weigh the evidence objectively and render a true verdict. Prosecutorial misconduct, however, will not be found where comments were based on evidence or proper inferences therefrom or were only oratorical flair. In order to evaluate whether comments were improper, we must look to the context in which they were made. Finally, when a trial court finds that a prosecutor's comments were inappropriate, they may be appropriately cured by a cautionary instruction to the jury.

---

[3] In ***Travers***, the direct references to the non-confessing co-defendant contained in his co-defendant's confession were replaced with the words "the other man."

*Id.* at 438, 787 A.2d at 407-08 (internal citations omitted). "In considering [an] appellant's claims of prosecutorial misconduct, we note that a prosecutor's comments do not constitute evidence." ***Commonwealth v. Baez***, 554 Pa. 66, 103, 720 A.2d 711, 729 (1998), *cert. denied*, 528 U.S. 827, 120 S.Ct. 78, 145 L.Ed.2d 66 (1999).

Instantly, the court convicted Appellant of the enumerated offenses, following a bench trial. With respect to Appellant's challenge to the weight of the evidence, and trial counsel's failure to preserve it in a post-sentence motion, the court said:

> Appellant next claims that he is entitled to a new trial on the allegation that the verdict was against the weight of the evidence. This claim is doubly-waived and without merit.
>
> Appellant raises the instant claim for the first time on appeal, in contravention of Pennsylvania Rule of Criminal Procedure 607, which provides that weight of the evidence claims shall be raised with the trial judge via written or oral (on-record) motion any time before sentencing, or in a post-sentence motion. The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.
>
> Here, Appellant failed to preserve this claim via either written or oral motion prior to sentencing, or post-sentence motion—let alone present his claim in any fashion to this [c]ourt prior to the instant appeal. As such, Appellant's claim is waived.
>
> Moreover, Appellant's claim additionally is waived pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant merely asserts that the verdict was based only on speculation, conjecture and surmise. This claim is utterly vague and incapable of meaningful evaluation.

Pennsylvania Rule of Appellate Procedure 1925(b)(4) (*Requirements*; *waiver*) specifically mandates that statements of matters complained of on appeal shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.

> When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

Thus Appellant's claim—which is woefully vague—is incapable of meaningful review and should be deemed waived.

Even if these fatal deficiencies somehow were overlooked, Appellant's weight claim would be unavailing. A challenge to the weight of the evidence is addressed to the discretion of the trial court. It is within the exclusive province of the trier of fact to assess issues of credibility and accord weight to testimony. The trial court, sitting as fact finder, is free to accept all, part, or none of a witness's testimony. A new trial should not be granted due to a mere conflict in testimony. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Stated another way, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict rendered is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

In this case, this [c]ourt found the testimony of Mr. Flowers and Ms. Lyles (both of whom positively identified Appellant

- 10 -

as one of the assailants) to be patently credible. While Ms. Lyles "cooled" her testimony somewhat at trial—*i.e.*, she claimed that she did not see the gun—she unequivocally testified to hearing a gunshot, and Mr. Flowers had the bullet wound to prove it. Accordingly, even if Appellant had properly preserved this claim, he would be due no relief.

(Trial Court Opinion on direct appeal, filed July 2, 2015, at 12-14) (internal citations and quotation marks omitted). We see no abuse of discretion in the trial court's assessment of Appellant's weight of the evidence claim. ***See Champney, supra*** (explaining weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine credibility of witnesses; this Court cannot substitute its judgment for that of fact-finder and may reverse verdict only if it is so contrary to evidence as to shock one's sense of justice). Consequently, Appellant's challenge to the weight of the evidence lacks merit, and counsel cannot be considered ineffective for failing to preserve it. ***See Pierce, supra***; ***Poplawski, supra***.

With respect to Appellant's ***Bruton*** claim based on the admission of his co-defendant's statement, any "possible" reference to Appellant was fully redacted. The redacted statement retained its narrative integrity but did not refer in any way to Appellant. Therefore, the use of the co-defendant's statement did not violate the principles of ***Bruton***. ***See Travers, supra***. Moreover, the concerns for jury taint in this context are not necessarily present in a bench trial, which is what we have here. ***See Commonwealth v. Konias***, 136 A.3d 1014, 1022 (Pa.Super. 2016), *appeal denied*, 636 Pa. 673, 145 A.3d 724 (2016) (citing ***Commonwealth v. Smith***, 97 A.3d 782,

- 11 -

788 (Pa.Super. 2014) (reiterating general rule that trial court, sitting as trier of fact, "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence")). Thus, we conclude Appellant's **Bruton** claim lacks arguable merit, and counsel cannot be deemed ineffective for failing to object to the statement on this basis.

With respect to Appellant's vague complaints of "prosecutorial misconduct" and "governmental obstruction," Appellant does not indicate what additional claims counsel failed to preserve at trial or on appeal. Further, we have located nothing in the certified record to support relief in this regard. *See DeJesus, supra*. Based upon the foregoing, Appellant's claims regarding trial counsel's ineffectiveness on this basis merit no relief. Following our independent review of the record, we agree with counsel that the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/18

- 12 -